NICHOLAS D. BUCKLEY *v.* WARDEN, CONNECTICUT CORRECTIONAL INSTITUTION, SOMERS

COTTER, C. J., LOISELLE, BOGDANSKI, HEALEY and A. ARMENTANO, Js.

Argued April 1—decision released June 24, 1980

*Stephen J. O'Neill,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellant (defendant).

*James V. Guarino,* with whom, on the brief, was *Patricia C. Farrell,* for the appellee (plaintiff).

LOISELLE, J. The plaintiff petitioned for a writ of habeas corpus claiming that the warden failed to credit him with fourteen days "good time" as required by General Statutes § 18-98a.[1] The trial court granted the petition and directed the warden to credit the petitioner with fourteen days to be deducted from his sentence. The defendant appealed. The sole issue raised on appeal is whether the trial court erred in its interpretation of § 18-98a.

---

[1] General Statutes § 18-98a provides: "DEDUCTION OF TIME FOR PERIODS OF EMPLOYMENT. Each person committed to the custody of the commissioner of correction who is employed within the institution to which he was sentenced . . . for a period of seven consecutive days, except for temporary interruption of such period as excused by the commissioner for valid reasons, may have one day deducted from his sentence for such period, in addition to any other earned time, at the discretion of the commissioner of correction."

The parties are in agreement with the facts found by the court and additional facts presented in their briefs.

At the time of trial, the plaintiff was an inmate in the Connecticut Correctional Institution at Somers. The classification committee at the institution, which is chaired by an assistant warden, is the administrative body which assigns jobs to inmates. These job assignments are usually mutually agreed upon by the inmate and the committee.

The inmates' jobs are classified as either "five day" jobs or "seven day" jobs. There are some job assignments in the kitchen at Somers, such as cooking and working on the food serving lines, which must be filled every day in order to provide food for the inmates and staff. These jobs are classified as seven day jobs. There are other inmate job assignments, also in the kitchen, which entail cleaning tables, mopping and scrubbing. These jobs, which need be performed only five days per week, are classified as five day jobs.

In order to be eligible for the earned time credit under § 18-98a, the classification committee requires inmates who are employed in seven day jobs to live in certain designated areas within the institution. The plaintiff, because he did not wish to live in one of the specific areas designated by the committee, was assigned by mutual consent to a five day job in kitchen maintenance.

During the course of the petitioner's employment in a five day job he was allowed to work seven consecutive days for a period of fourteen weeks. He was paid for the extra two days per week for the

entire period. The defendant's brief states that the petitioner was allowed but not required to work overtime during this period because there was a shortage of inmate workers. Throughout this period, the petitioner knew that unless he accepted a seven day job, which required him to live in one of the designated areas, he would not be eligible under classification committee rules for the statutory credit. Several months later, the petitioner appeared before the classification committee and was reassigned to a seven day job.[2]

Although the petition for a writ of habeas corpus mentions the equal protection clause of the fourteenth amendment to the United States constitution, the petitioner has not pursued this claim on appeal. Nor does he claim that § 18-98a is unconstitutional. There is also no claim that the defendant's actions were inequitable because the petitioner was unaware of the rules. The petitioner does not dispute that before he agreed to perform his five day job for seven days each week, he was informed that he would receive extra compensation but no statutory credit. The sole issue to be decided on appeal is whether the discretion bestowed upon the commissioner of correction by § 18-98a empowers the commissioner to classify the inmates' job assignments such that only those employed in so-called "seven day" jobs are eligible for credit against their sentences in accordance with the statute.

---

[2] The trial court's memorandum of decision states that prison regulations required those employed in seven day jobs first to live in a dormitory, then later to move to individual cells. Since the petitioner preferred to live in an individual cell, he accepted a five day job. According to the defendant's statement of facts, when the petitioner was reassigned to a seven day job, he was also permitted to remain in an individual cell.

In interpreting a statute, "common sense must be used and courts must assume that a reasonable and rational result was intended." *Norwich Land Co. v. Public Utilities Commission,* 170 Conn. 1, 4, 363 A.2d 1386 (1975). The discretion accorded the corrections commissioner under § 18-98a is general in nature. There is no express limitation as to the manner in which it may be exercised. The term "discretion" means " 'a legal discretion to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice.' " *Hammerberg v. Leinert,* 132 Conn. 596, 604, 46 A.2d 420 (1946).

The defendant asserts that the job classifications and accompanying limitations on housing choices were created to minimize the disturbance to other inmates which necessarily ensued when inmates assigned to food preparation and serving duties were required to report to or return from work at odd hours of the day and night every day of the week. Since the inmates employed in seven day jobs had similar schedules, seven days per week and twenty-four hours per day, and similar interests and responsibilities, the defendant decided to house them separately.

This is a reasonable and rational exercise of the defendant's discretion. The fact that the petitioner worked seven days per week for a fourteen week period without living in one of the designated areas is not in itself sufficient to show an abuse of discretion by the defendant in classifying the kitchen jobs and requiring those inmates who accepted seven day positions to live in those units. The petitioner has not shown that housing in the designated areas was unavailable during the fourteen week

period, or that he would have accepted such housing if it were available. The record indicates that he would not. To hold that the defendant's job classification and housing limitation rules, promulgated to minimize the disruption of inmates in the performance of their work assignments, is an abuse of discretion under §18-98a would be to subvert the intent of the legislature which endowed the commissioner with a general discretion, and to ignore the complexity and difficulty of the problems which prison administration entails. It is the responsibility of prison administrators to maintain internal order and discipline, and to rehabilitate, to the extent possible, the inmates in their custody. *Procunier* v. *Martinez,* 416 U.S. 396, 404, 94 S. Ct. 1800, 40 L. Ed. 2d 224 (1974). "Because the realities of running a penal institution are complex and difficult, [the United States Supreme Court has] recognized the wide-ranging deference to be accorded the decisions of prison administrators." *Jones* v. *North Carolina Prisoners' Union,* 433 U.S. 119, 126, 97 S. Ct. 2532, 53 L. Ed. 2d 629 (1977); see also *Bell* v. *Wolfish,* 441 U.S. 520, 544–45, 562, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979). The commissioner of correction, provided he does not act illegally, arbitrarily or in abuse of his discretion, need not deduct time to be served from a prisoner's sentence under § 18-98a if that prisoner fails to observe the rules incident to the requisite job assignment.

There is error, the judgment is set aside and the case is remanded with direction to enter judgment for the defendant.

In this opinion the other judges concurred.