THOMAS MELILLO *v.* JULIAN A. SPIRO ET AL.

SPEZIALE, C. J., HEALEY, PARSKEY, ARMENTANO and SPONZO, Js.

Argued May 13—decision released June 8, 1982

*Abram W. Spiro,* with whom, on the brief, was *James C. Deakin,* for the appellant (named defendant).

*William M. Ivler,* for the appellee (defendant Joan H. Peltz, executrix, estate of Harvey A. Peltz).

*William W. Sullivan,* with whom was *Richard Kilcullen,* for the appellee (plaintiff).

PER CURIAM. In this action for strict foreclosure, the named defendant has appealed from the trial court's denial of his second "motion to reopen judg-

ment and extend law day."[1] By way of this motion, the named defendant sought to obtain a six month extension in the law day set for March 1, 1980. A motion to open a judgment of strict foreclosure is addressed to the discretion of the trial court; see General Statutes § 49-15; and " 'unless that discretion was abused or was based upon some error in law, the denial of the motion must stand.' *Carrington* v. *Muhlfeld,* 122 Conn. 334, 337, 189 A.2d 184 [1937]." *Sebastiano* v. *Corde,* 171 Conn. 324, 325-26, 370 A.2d 946 (1976). The named defendant has failed to show that the trial court abused its discretion.[2]

There is no error; the case, however, is remanded with direction to render judgment as on file except for such modification as is made necessary by the lapse of time since the original judgment.

---

[1] The motion was granted for the sole purpose of correcting the previous judgment to move the law day from Saturday, March 1, 1980 to Monday, March 3, 1980. In all other respects the motion was denied.

[2] We note that by his use of the appellate process the named defendant effectively has obtained a substantially greater delay than he ever sought. Section 3065 of the Practice Book provides that the appellate stay may be terminated upon motion and hearing "if the judge who tried the case is of the opinion that . . . the appeal is taken only for delay or that the due administration of justice requires" the termination. Review of the decision on such a motion may be obtained in this court pursuant to Practice Book § 3107. In this case, the trial court denied a motion to terminate the appellate stay.