SOCIETY FOR SAVINGS *v.* CARMINE S.
STRAMAGLIA ET AL.
(8591)

O'CONNELL, LAVERY and CRETELLA, Js.

Argued March 27—decision released September 10, 1991

*Robert L. Fisher, Jr.,* for the appellant (named defendant).

*Stephanie M. Weaver,* for the appellee (defendant Thomas Ackerson).

O'CONNELL, J. This appeal involves a dispute between two defendants in a mortgage foreclosure action. The foreclosing plaintiff (bank) did not participate in the appeal.[1] The defendant Carmine S. Stramaglia claims that the trial court abused its discretion in denying his

---

[1] Because both parties to the appeal are defendants, in order to avoid confusion, each is referred to by name rather than by his party status in the case.

motion to open the judgment of foreclosure. We affirm the judgment of the trial court.

The following facts are relevant. The bank instituted this action to foreclose a mortgage on real estate owned jointly by Carmine S. Stramaglia and Patricia R. Stramaglia. Patricia Stramaglia is not a party to this appeal. The defendant Thomas Ackerson claims an interest in the property by virtue of a judgment lien solely against the undivided one-half interest of Carmine Stramaglia.[2] On March 20, 1989, a judgment of strict foreclosure was rendered, and law days were set to commence on April 17, 1989.

On April 15, 1989, two days before the first law day, the Stramaglias filed for chapter 13 bankruptcy, resulting in an automatic stay of the foreclosure proceedings. See 11 U.S.C. § 362 (a) (1). The stay was subsequently lifted, and new law days were set to commence on November 7, 1989. Ackerson's new law day was November 9, 1989. On November 3, 1989, Stramaglia filed a motion to open the judgment of strict foreclosure, based on his representation that he had reached a settlement with the bank. The settlement provided that Stramaglia would pay the bank an agreed amount of money, and the bank would withdraw its foreclosure action following the opening of the judgment.

Ackerson objected to opening the judgment on the ground that as a subsequent encumbrancer, he had a vested interest in having the law days go forward. He also argued that Stramaglia had already caused substantial delays in the foreclosure action. The trial court denied Stramaglia's motion to open the judgment and, for the third time, set new law days, this time to commence on November 17, 1989. On November 8, 1989,

[2] Although the judgment lien encumbered only a one-half interest in the property, this issue is not controlling on appeal because Patricia Stramaglia did not appeal. Because Carmine Stramaglia does not claim to represent Patricia Stramaglia's interest, he has no standing to complain of an adverse effect of the court's ruling on her interest.

Stramaglia filed a motion to reargue the trial court's denial of his motion to open. That motion was opposed by Ackerson. The trial court agreed with Ackerson that Stramaglia had engaged in dilatory tactics and denied the motion to reargue. This appeal followed.

General Statutes § 49-15 expressly provides that a motion to open a judgment of foreclosure is addressed to the discretion of the trial court.[3] Unless the trial court erroneously applied the law or abused its discretion, the trial court's decision will not be disturbed on appeal. *Connecticut National Bank* v. *N. E. Owen II, Inc.,* 22 Conn. App. 468, 475, 578 A.2d 655 (1990), citing *Melillo* v. *Spiro,* 187 Conn. 333, 334, 445 A.2d 921 (1982). Stramaglia has failed to demonstrate any abuse of discretion by the trial court. The trial court's articulation of its denial to open the judgment states that it will not reward Stramaglia for his dilatory tactics. Specifically, the trial court noted that Stramaglia did not secure counsel until the eleventh hour and filed for bankruptcy only two days before the law days were to commence.[4]

Stramaglia further claims that the trial court abused its discretion because upon redemption, by payment of the entire mortgage debt and costs, Ackerson would acquire title to the *entire* property. Because Ackerson's judgment lien entitled him only to a *one-half* interest in the property, Stramaglia claimed that Ackerson would receive a windfall due to the trial court's deci-

---

[3] General Statutes § 49-15 provides: "Any judgment foreclosing the title to real estate by strict foreclosure may, *at the discretion of the court* rendering the same, upon the written motion of any person having an interest therein, and for cause shown, be opened and modified, notwithstanding the limitation imposed by section 52-212a, upon such terms as to costs as the court deems reasonable . . . ." (Emphasis added.)

[4] It is not our intention to penalize a mortgagor for exercising his rights under the federal bankruptcy statutes. The trial court, however, may take the filing of bankruptcy into consideration as part of the totality of circumstances in determining whether to open a judgment.

sion. This argument, however, ignores General Statutes § 49-20, which expressly allows a redeeming encumbrancer to acquire title to the entire property, notwithstanding that his lien encumbered less than a full interest in the property.[5] Thus, the trial court, in a proper exercise of its discretion, reasonably determined that the motion to open should be denied on the basis of the substantial delays caused by Stramaglia's actions.

The judgment is affirmed and the case is remanded with direction to set new law days.

In this opinion, LAVERY, J., concurred.

CRETELLA, J., dissenting. I cannot join in the majority opinion because I believe that the failure of the trial court to open the judgment of strict foreclosure amounted to an abuse of judicial discretion.

Although it is well established that the trial court has discretion to grant or to deny a motion to open a judgment of strict foreclosure, the court is required to take into consideration all of the facts and circumstances of the matter at hand and such discretion should be exercised fairly and equitably in order that complete justice may be done between the parties. *Hartford Fed-*

---

[5] "[General Statutes] § 49-20. REDEMPTION BY HOLDER OF ENCUMBRANCE ON PART OF PROPERTY FORECLOSED. When a strict foreclosure judgment contains a provision that title to the real estate being thereby foreclosed shall vest in the encumbrancer who redeems pursuant to the judgment, or specifies that the title shall vest in any particular person or persons who redeem as therein provided, the validity and effect of the judgment and of the provision therein shall not be limited or otherwise affected by the fact that the encumbrance or interest of the person so redeeming applies to or covers only a portion of the property described and being foreclosed in the judgment. In such case, if the foreclosure judgment requires that person to pay the entire amount thereof or be foreclosed of all equity to redeem the premises described in the judgment, the person shall, by the judgment, acquire all the rights and title of the foreclosing party granted by the judgment, as fully as if his interest or encumbrance covered all of the property described in the judgment."

*eral Savings & Loan Assn.* v. *Tucker,* 196 Conn. 172, 491 A.2d 1084, cert. denied, 474 U.S. 920, 106 S. Ct. 250, 88 L. Ed. 2d 258 (1985). Foreclosure actions, being equitable in nature, require that the court examine the effect of its decision on each of the parties. "Discretion . . . imports something more than leeway in decision-making." *State* v. *Onofrio,* 179 Conn. 23, 29, 425 A.2d 560 (1979). Such discretion should be exercised in conformity with the spirit of the law and should not impede or defeat the ends of substantial justice. *Buckley* v. *Warden,* 181 Conn. 286, 290, 435 A.2d 348 (1980); *Hammerberg* v. *Leinert,* 132 Conn. 596, 604, 46 A.2d 420 (1946).

Although the record reveals that the trial court based its denial on the actions taken by Stramaglia in allegedly delaying the proceedings by securing counsel at the last moment and by filing a petition in bankruptcy, such actions, although not to be condoned or encouraged by the court certainly were not of an illegal nature. In today's economic climate, mortgagors have been forced to take all possible legal means in order to "buy some time." It appears that Stramaglia was doing exactly that and was successful since he was ultimately able to raise sufficient capital to satisfy the foreclosing bank and thus was granted an opportunity possibly to save the residence. Such a "window of opportunity" does not appear often and, in the present matter, the window that had been momentarily opened was suddenly closed by the objections of a judgment lien holder.

It is not uncommon to open a judgment of strict foreclosure for the purpose of allowing the bank to withdraw its foreclosure action. To have done so here would have in no way jeopardized the interest of the judgment lien holder, who was still free to pursue his own action to foreclose the judgment lien that was then pending in the Litchfield Superior Court. That action would, in fact, have been more equitable and just for all parties

concerned simply because it would have been directed against only the property interest of the defendant Carmine S. Stramaglia, leaving intact the interest of the defendant Patricia R. Stramaglia, who was not a party to the judgment lien.

While the majority correctly notes that the foreclosing judgment lien holder has a statutory right to a redemption of the total property, equity and justice would dictate that the judgment of strict foreclosure should have been opened for the purpose of allowing the foreclosing bank to withdraw the foreclosure action.

Accordingly, I dissent.