[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR ENTITLEMENT TO PREJUDGMENT AND POSTJUDGMENT INTEREST
This court entered a judgment on June 28, 1991,[1] in the above two class action suits in favor of the plaintiffs in the amount of $2,798,594.00.[2] This damage or figure includes (1) $2,588,616.00 for damages computed prospectively from June 1, 1990 through the remainder of the terms of the 99 year covenants on the properties of class members and (2) $209,978.00 for "actual lost savings" computed from February 3, 1987 through June 1, 1990.
The plaintiffs in these cases have now moved that they be CT Page 8785 paid prejudgment interest in the statutory amount of ten percent (10%) covering the period February 3, 1987 through June 28, 1991. They also seek post judgment interest in the statutory amount of ten percent (10%) not only on the principal debt found set out in the June 28, 1991 judgment but on the amount of that judgment plus the prejudgment interest requested in their present motion.
I.
The court turns first to the claim for prejudgment interest. Although that portion of these cases leading up to the award of $2,798,594.00, was thoroughly tried and exhaustively briefed and "interest" was prayed for in the relief sought by the plaintiffs their briefs did not mention prejudgment interest. In its June 28, 1991 judgment this court did not consider and/or award prejudgment interest. No appeal was taken by the plaintiffs from that judgment. While it is not offered as precise, plaintiffs' counsel, during argument on September 27, 1991 for pre-judgment interest, indicated that amount was about $1,200,000.00.
Pointing to the total damage figure of $2,798,594.00, the plaintiffs claim that they are entitled to prejudgment interest on this "liquidated compensatory award of damages in the statutory amount of ten percent (10%), which, they claim would entitle each class member to an annual interest award of $835.40, with interest accruing at $69.62 per month and $2.29 per diem, resulting in a total award of prejudgment interest per class member in the amount of $3,677.33, covering the period February 3, 1987 through June 28, 1991." They also maintain that equitable considerations require the award of prejudgment interest in these class actions, and that this award is supported by precedent in both Connecticut case law and basic contract law. After referring to certain Connecticut cases, the plaintiffs contend that "if the defendants had dealt fairly and equitably with the plaintiffs, they would have awarded the plaintiffs in February 1987, the fair value of the Agreements for [the breached covenants] in question." They continue and maintain that "not only have the plaintiffs not had the use of the monies due them representing the fair value of the Agreements since February 3, 1987, they have been required to pay the increased burden in terms of increased sewer use fees to the town since the date [February 3, 1987] of the voiding of the Agreements." The Town,[3] they argue "should not be able to reap the fruits of obtaining increased sewer use fee payments over the last four and one-half years, and at the same time, escape its fair obligation to the plaintiffs, interest for four and one-half years."
On the other hand, the defendants argues that "an award of prejudgment interest is not justified under the circumstances nor is it on the interests of justice." They maintain that they "acted in good faith and relied on legal advice in deciding to declare the plaintiffs' sewer covenants null and void." Urging CT Page 8786 that their actions were for the benefit of the entire Town, they contend that "their actions did not amount to a wrongful detention of money and that, therefore, this court should not award prejudgment interest to the plaintiffs." The defendants go on and argue that even if this court decides to award prejudgment interest, the plaintiffs' proposed method of calculating such an award is incorrect and excessive. In that regard they refer to evidence at the trial demonstrating "that some of the class members of the class actions never paid the increased sewer bill as it became due but instead paid only $15.00 (this was the annual rate that property owners in the areas covered by the Agreements were required to pay in sewer use fees)." Asserting that because the purpose of prejudgment interest is for the loss of use of money, they claim that it would be "particularly inappropriate" to award such interest to plaintiffs who had not in fact lost the use of their money. The plaintiffs were "more than fully compensated", they go on, because they have been given an award for "actual lost savings" (this refers to the $209,978.00 component of the June 28, 1991 award of $2,798,954.00) "even though some [class] members never experienced such lost savings." Here the defendants also claim that although "actual lost savings" were calculated from February 3, 1987 through June, 1990, not all sewer bills were due and owing on February 3, 1987, but rather became due successively on an annual basis. They, accordingly, take issue with the plaintiffs claim of entitlement to prejudgment interest at the statutory rate of 10% on the "liquidated compensatory award" of the total figure of $2,798,954.00. There they claim that this figure includes (1) the "actual lost savings" amount of $209,987.00 for all class members even though some never paid the increased billing and that all sewer bills for the period from February 3, 1987 to June 1, 1990 were not due and owing on February 3, 1987 and (2) $2,588,616.00 (computed by deducting $209,978.00 from $2,798,954.00) for future lost savings from June 1, 1990 prospectively for the balance [in terms of years] of the 99 year covenants "that were breached. Neither of these components of the June 21, 1991 award represent, they contend "damages for the detention of money after it becomes payable" citing Connecticut General Statutes 37-3a which provides in part that ". . . interest at the rate of ten percent per year . . . may be recovered and allowed in civil actions . . . after it becomes payable as" prejudgment interest, which they contend is not payable for prospective damages but rather when performance is due.
The defendants also urge that an award of prejudgment interest should not be made since they did not "wrongfully detain plaintiffs' money." Saying that the plaintiffs have been compensated "more than adequately" the defendants contend that "in it would not be in the best interests of justice to increase their [the plaintiffs'] judgment with a $1,231,095.55 award of CT Page 8787 prejudgment interest."[4] Finally, they claim that the plaintiffs have not timely raised their request for prejudgment interest.
At the juncture certain legal principles may be appropriately set out. "The allowance of prejudgment interest as an element of damages is an equitable determination and a matter lying within the discretion of the court. H. B. Toms Tree Surgery, Inc. v. Brant, 187 Conn. 343, 348, 446 A.2d (1982); Cecio Bros. Inc. v. Feldman, 161 Conn. 265, 275, 287 A.2d 374 (1971)." West Haven Sound Development Corporation v. West Haven, 207 Conn. 308, 321541 A.2d 858 (1988). "The allowance of interest as an element of damages is primarily an equitable determination and a matter within the discretion of trial court." Northeastern Group, Inc. v. Colossale Convent, Inc., 207 Conn. 468, 482, 542 A.2d 692
(1988). It has also been said that "The determination of whether or not interest is to be recognized as a proper element of damage, is one to be made in view of the demands of justice rather than through the application of any arbitrary rule." Bernhard v. Rochester German, Insurance, Co., 79 Conn. 388, 398 A. 134 (1906) quoted in West Haven Sound Development Corporation v. West Haven, supra 321; Bertozzi v. McCarthy, 164 Conn. 463, 466, 323 A.2d 553
(1973); Harris Calorific Sales Co. v. Manifold Systems, Inc.,18 Conn. App. 559, 566, 559 A.2d 241 (1989). Our law indicates that prejudgment interest ". . . may be recovered and allowed in civil actions . . . as damages for the detention of money after it becomes payable. Connecticut General Statutes 37-3a.
 "Under 37-3a, an allowance of prejudgment interest turns on "`whether the detention of the money is or is not wrongful under the circumstances' Cecio Bros., Inc. v. Feldmann, 161 Conn. 265, 275, 287 A.2d 374
(1971)." Newington v. General Sanitation Service Co., 196 Conn. 81, 90, 491 A.2d 363
(1985). Such a fact bound determination lies within the trial court's discretion. Nor'easter Group, Inc. v. Colossale Concrete, Inc., 207 Conn. 468, 542 A.2d 692 (1988); King v. Board of Education, 203 Conn. 324, 341, 524 A.2d 1131 (1987); Newington v. General Sanitation Service Co., supra; Bertozzi v. McCarthy, 164 Conn. 463, 467, 323 A.2d 553
(1973)."
Associated Catalog Merchandisers, Inc. v. Chagnon, 210 Conn. 734,748, 557 A.2d 525 (1989); see Alderman v. RPM of New Haven, Inc.,20 Conn. App. 566, 567, 568 A.2d 1068 (1990). Bertozzi, quoting Cecio, states "that the real question in each case is whether the detention of the money is or is not wrongful under the circumstances." Bertozzi v. McCarthy, supra. CT Page 8788
Initially, it is noted that the court does not overlook the circumstance that the trial was essentially a hearing on damages after liability had been determined some months earlier in a summary judgment proceeding. On the question of damage the opinions of experts were literally millions of dollars apart but the court realizes the fact that a dispute existed between the method of computing damages does not mean that an award of prejudgment interest is inappropriate. See State v. Stengil,192 Conn. 484, 487, 472 A.2d 350 (1984); Harris Calorific Sales Company v. Manifold Systems, supra.
The parties in their legal claims on this motion properly recognize that prejudgment interest is not a matter of right. Our case law acknowledges it is essentially a fact-bound determination within the court's discretion. See e.g. Associated Catalog Merchandisers Inc. v. Chagnon, supra. Given all the circumstances, including that a judgment has already been entered against the Town, the interests of justice in the determination of the prejudgment interest issue in this case counsels some degree of the circumspection in considering whether discretion should be exercised to give an award against the Town, a governmental entity, in dollars which would, by now, be in excess of forty percent of the June 28, 1991 judgment.
The Town's argument concerning the "actual lost savings" element of damages which extended to all class members even though some have never paid the increased bill has merit. In like fashion, there is also merit to the Town's claim that while the "actual lost savings" element of the award covered the period from February 3, 1987 to June 1, 1990 it must be noted that not all the sewer use bills employed in the expert evidence that produced the "actual lost savings" figure were due and owing on February 3, 1987. The court agrees with the Town's claim that, therefore, that figure cannot justly and fairly be considered on a claim that it truly represents the wrongful detention of money from the plaintiffs. See General Statutes 37-3a; Cecio Bros. Inc. v. Feldmann, supra. These considerations militate against a suggestion of unjust enrichment on the part of the Town. They, as well, make for the equities in favor of the Town.
The $2,588,616.00 component of the June 28, 1991 judgment represents (before opt-outs) the present value of the loss by 335 class members of their $15.00 annual sewer use fee computed prospectively from June 1, 1990 by Dr. Crakes. Such present value to each of the 335 class members would be about $8,354.01 which encompasses about 60 years from June 1, 1990, to well into the twenty-first century. The element of prospectivity, already having been extrapolated into damages, presently payable, concerns the court on the present request for prejudgment interest.[5]
CT Page 8789 Here, as well as with the "actual lost savings" of $209,978.00, we are not dealing with what the court would, for our purposes, determine as "conventional" interest. See McCormick on Damages 50, p. 204 (1985). There is, of course, no doubt that prejudgment interest is "compensation allowed by law . . . as additional compensation for loss of use of the money due as damages, during the lapse of time since the accural of the claim." McCormick of Damages 50, p. 205 (1935) and, as already set out, our laws recognizes it as a component of damages. It, however, does not follow that, at least in the circumstances of this case, that it must be awarded.[6] Prejudgment interest "is not a congenital rule in our law", Board of Commissioners v. United States, 308 U.S. 343, 351, 60 S.CT. 285, 84 L.Ed 313 (1939) but recognition of interest as an element of compensation for the detention of money is of comparatively recent origin. It is recognized, as the plaintiffs argue, that prejudgment interest is compensatory and the appropriate measure of damages for a breach of contract is to place the injured party so far as money can do it, in the same position as that party would have been had the contract been performed. See e.g. Lair-Rob Bus Corp. v. Fairfield, 170 Conn. 397, 404-405, 365 A.2d 1086 (1976). But it is also true that the in considering an award of prejudgment interest, the real question is whether or not the money was wrongfully detained involves "an equitable determination", see e.g. West Haven Sound Development Corporation v. West Haven, supra, Cecio Bros. Inc. v. Feldman, supra, 275. This involves what ought to be done "in view of the demands of justice rather than through the application of any arbitrary rule." See Bertozzi v. McCarthy, supra, 466. It has been said that "Interest is not to be recovered merely as compensation for money withheld [where it is] but rather in response to considerations of fairness. It [prejudgment interest] should not be imposed when its exaction would be inequitable. Biale [Blau] v. Delman, 368 U.S. 403, 414,82 S.CT. 451,7 L.Ed.2d 403 (1962)". Thomas v. Duralite Co. Inc., 524 F.2d 577,589 (3d Cir. 1975). While this court's earlier finding that the Town acted in good faith and on the basis of legal advice in declaring the covenants invalid is per se no bar to an award of prejudgment interest, it is this court's view that in doing so the Town not only acted on behalf of all the people of Wallingford but also could not have fairly foreseen that the Town was thereby absolutely committing an illegal act. In a word, the Town could not foretell the legal effect of that action. This is entitled to equitable consideration on this motion.
It is submitted that the present motion as to prejudgment interest is not strictly at law, that is, awarding or not awarding is not in the context of enforcing a contractual commitment or one mandated by statute. Rather, this is an equitable determination, one to be made in the interests of justice under all the circumstances. Consequently, the law of contracts is not CT Page 8790 to be employed to make an end sweep around the discretion of the court on this issue of prejudgment interest. It is in this context that the court's discretion is to be exercised. Our Supreme Court has said that:
 "`[d]iscretion . . . imports something more than leeway in decision-making." State v. Onofrio, 179 Conn. 23, 29, 425 A.2d 560 (1980). It denotes "the absence of a hard and fast rule or a mandatory procedure regardless of varying circumstances." State v. Wallach, 353 Mo. 312, 323, 182 S.W.2d 313 (1944). It means "`"a legal discretion to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice."'" Buckley v. Warden, 181 Conn. 286, 290, 435 A.2d 348
(1980), quoting Hammerberg v. Leinert, 132 Conn. 596, 604, 46 A.2d 420 (1946); see State v. Battle, 170 Conn. 469, 476, 365 A.2d 1100
(1976)."
State v. Corchado, 200 Conn. 453, 464, 512 A.2d 183 (1986).
This court concludes that the claimed wrongful detention of the money involved, was not wrongful under the circumstances. This court is satisfied that under the circumstances of these cases, justice requires the disallowance of the claim for prejudgment interest. In its discretion, the Court, therefore denies the plaintiffs' motion in both cases that prejudgment interest be awarded.
II.
The plaintiffs in both cases ask the awarding of post-judgment interest under the statutes at the legal rate of ten percent per annum. See Connecticut General Statutes 52-350f and37-1 et seq. This, of course, is quite different from their request for prejudgment interest. They are entitled to post judgment interest based on the amount of the June 28, 1991 judgment which is to be awarded to them on that judgment minus the number of opt-outs.
ARTHUR H. HEALEY STATE TRIAL REFEREE