CENTERBANK *v.* THOMAS R. CONNELL ET AL.
(10844)

DUPONT, C. J., DALY and FOTI, Js.

Argued September 29—decision released November 17, 1992

*Frederick J. Miano,* for the appellants (named defendant et al.).

*Thomas A. Kaelin,* with whom, on the brief, was *William T. Blake, Jr.,* for the appellee (plaintiff).

DALY, J. This appeal arises from the trial court's denial of the motion to reopen the judgment of foreclosure by sale filed by the defendant property owners, Thomas and Nancy Connell. The defendants claim that the trial court improperly balanced the equities of this case when it denied their "motion to reopen judgment and set a new sale date."

The plaintiff, Centerbank, instituted this foreclosure action against the defendants, Thomas R. Connell and Nancy Flynn Connell, seeking to foreclose the mortgage it holds on the defendants' property in Essex. On January 23, 1991, the plaintiff's motion for foreclosure by sale was granted by the trial court, *R. O'Connell, J.,* which set the sale date for May 25, 1991.

Because the defendants filed a petition for bankruptcy under chapter 11 of the United States Bankruptcy Code, a stay on the foreclosure proceeding was subsequently imposed. On August 22, 1991, however, the bankruptcy court, *Krechevesky, J.,* granted the plaintiff relief from the automatic stay. Thereafter, the trial court opened the judgment of foreclosure by sale on September 16, 1991, determining that the defendants owed $614,953.43 on the mortgage debt. The court set a new sale date for December 14, 1991, giving the defendants eighty-eight of the ninety days they had

requested to allow them to retain a new attorney to replace their previous bankruptcy attorney who the defendants felt was inadequate.[1]

On October 28, the defendants filed their motion to reopen the judgment and set a new sale date in which they explained that their bankruptcy stay had been terminated because of the inadequate assistance their bankruptcy attorney had rendered. Accordingly, the defendants requested another extension, this time for 180 days, to allow them to refile a bankruptcy petition and to secure adequate representation. The plaintiff filed a motion in opposition arguing that any further delay in selling the property would further injure the plaintiff given that no equity remained in the property.[2] On November 22, 1991, the trial court denied the defendants' motion to reopen judgment. This appeal ensued.

"A motion to open a judgment of strict foreclosure is addressed to the discretion of the trial court; see General Statutes § 49-15; and unless that discretion was abused or was based upon some error in law, the denial of the motion must stand. . . ." (Citations omitted; internal quotation marks omitted.) *New Haven Savings Bank* v. *Gurland*, 3 Conn. App. 508, 508–509, 489 A.2d 1070 (1985). "Thus, [t]he determination of what equity requires in a particular case, the balancing of the equities, is a matter for the discretion of the trial court.' *Kakalik* v. *Bernardo*, 184 Conn. 386, 395, 439 A.2d 1016 (1981)." (Internal quotation marks omitted.) *Con-*

---

[1] The court granted an eighty-eight day extension instead of a ninety day extension to guarantee that the property would be sold on a Saturday instead of a Monday.

[2] The appraised value of the property is $600,000. On November 12, 1991, in its objection to the defendants' motion to reopen, the plaintiff claimed that the amount owed to Centerbank under the mortgage note was $661,304.67. Other encumbrances on the property included two mortgages held by Old Saybrook Bank and Trust, each worth $75,000, and a federal tax lien worth $61,325.91.

*necticut Bank & Trust Co.* v. *Winters,* 26 Conn. App. 317, 321, 600 A.2d 1046 (1991), cert. granted, 221 Conn. 911, 602 A.2d 10 (1992). "On appellate review, therefore, the ultimate issue is whether the trial court could reasonably conclude as it did . . . or whether, according to recognized principles of equity, abuse of discretion is manifest or an injustice appears to have been done." (Citations omitted; internal quotation marks omitted.) *Reynolds* v. *Ramos,* 188 Conn. 316, 321, 449 A.2d 182 (1982). "This court 'must make every reasonable presumption in favor of the trial court's decision' when reviewing a claim of abuse of discretion. *Yanow* v. *Teal Industries, Inc.,* 196 Conn. 579, 583, 494 A.2d 573 (1985)." *Connecticut Bank & Trust Co.* v. *Winters,* supra, 320.

In deciding whether to extend the sale date further, the trial court had before it the defendants' claims with respect to the inadequacy of their bankruptcy attorney and their need for a 180 day extension to refile their bankruptcy petition. The trial court stated that in making its determination on the defendants' motion, it would consider the whole file of this case. There is no indication that it did not consider the defendants' claims when it balanced the equities of this case. Granting another extension to the defendants would have caused great injury to the plaintiff because no equity remained in the property and the interest on the mortgage debt continued to accrue. Therefore, on the basis of the record, we find that the trial court did not abuse its discretion in denying the defendants' motion to reopen the judgment.

The judgment is affirmed and the case is remanded for the purpose of setting a new sale date.

In this opinion the other judges concurred.