SOCIETY FOR SAVINGS *v.* CARMINE S.
STRAMAGLIA ET AL.
(14393)

PETERS, C. J., CALLAHAN, BORDEN, NORCOTT and KATZ, Js.

Argued February 8—decision released March 23, 1993

*Robert L. Fisher, Jr.,* for the appellant (named defendant).

*Thomas Ackerson,* pro se, with whom, on the brief, was *Stephanie M. Weaver,* for the appellee (defendant Thomas Ackerson).

PETERS, C. J. The issue in this appeal is whether, in the circumstances of this case, the Appellate Court correctly concluded that the trial court had not abused its discretion by refusing to open a judgment of strict

foreclosure despite the negotiation of a settlement agreement between the foreclosing creditor and the debtors. The plaintiff, Society for Savings, brought an action to foreclose a mortgage on real estate owned jointly by the defendants Carmine S. Stramaglia and Patricia R. Stramaglia. The trial court, *Pickett, J.,* rendered a judgment of strict foreclosure. After various sets of law days had been established, superseded and then set again by the trial court, *Moraghan, J.,* the trial court, *Dranginis, J.,* denied the motion of the defendant Carmine S. Stramaglia to open the judgment because of objections raised by the defendant Thomas Ackerson, a creditor with a judgment lien against Carmine S. Stramaglia's one-half interest in the property. Carmine S. Stramaglia appealed to the Appellate Court, which affirmed the judgment of the trial court. *Society for Savings* v. *Stramaglia,* 25 Conn. App. 688, 596 A.2d 20 (1991). We granted his petition for certification to appeal and now reverse.[1]

The facts are undisputed. On November 14, 1980, the Stramaglias signed a promissory note evidencing their indebtedness to the plaintiff in the amount of $68,700. The note was secured by a properly recorded mortgage on certain real estate in Torrington. As a result of defaults on the mortgage note, the plaintiff commenced foreclosure proceedings against the Stramaglias on November 21, 1988.

In its foreclosure complaint, the plaintiff gave proper notice to Ackerson, who, on September 1, 1987, had recorded on the Torrington land records a judgment lien arising out of a default judgment against Carmine S. Stramaglia that Ackerson had obtained in New

---

[1] We granted certification to appeal limited to the following issue: "In the circumstances of this case, was it an abuse of discretion to deny the motion to open a judgment of strict foreclosure?" *Society for Savings* v. *Stramaglia,* 220 Conn. 926, 598 A.2d 367 (1991).

York in 1983.[2] Ackerson's judgment lien, which attached to Carmine S. Stramaglia's undivided one-half interest in the property, is junior to the plaintiff's lien. In 1987, one year prior to the plaintiff's foreclosure action, Ackerson had initiated, but had not pursued, his own foreclosure proceedings against Carmine S. Stramaglia's interest in the property. See *Ackerson* v. *Stramaglia*, 225 Conn. 102, 621 A.2d 1315 (1993).

On March 20, 1989, the trial court, *Pickett, J.*, granted the plaintiff's motion for a judgment of strict foreclosure after the Stramaglias, appearing pro se, had been defaulted for failure to plead. The court fixed the debt at $67,506.55 and set law days commencing April 17, 1989.

On April 15, 1989, two days before the first of the law days, the Stramaglias filed a chapter thirteen petition in bankruptcy in New Jersey, resulting in the automatic stay of the foreclosure proceedings. See 11 U.S.C. § 362 (a). At the instance of the plaintiff, the bankruptcy court, on September 14, 1989, vacated the stay of the foreclosure proceedings involved in this case. Once the stay had been lifted, the plaintiff renewed its motion for a judgment of foreclosure, and, on October 16, 1989, the trial court, *Moraghan, J.*, rendered a judgment of strict foreclosure that found that the Stramaglias owed an amended debt in the amount of $74,258.21 and set new law days to begin on November 7, 1989.

On November 3, 1989, Carmine S. Stramaglia, now represented by counsel, moved to open the judgment of strict foreclosure. At the trial court hearing on the

---

[2] Subsequent to the trial court proceedings in this case, the New York judgment against Carmine S. Stramaglia was vacated by the Appellate Division of the Supreme Court of New York. See *Ackerson* v. *Stragmaglia*, 176 App. Div. 2d 602, 575 N.Y.S.2d 44 (1991); see also *Ackerson* v. *Stramaglia*, 225 Conn. 102, 621 A.2d 1315 (1993).

motion, Carmine S. Stramaglia represented to the court that the plaintiff joined in his motion, that the plaintiff had agreed to reinstate the mortgage upon receiving certain payments that were in hand and that the plaintiff was therefore prepared to withdraw the action once the judgment had been opened. Without challenging the accuracy of this representation, Ackerson objected to the motion to open. He argued that Carmine S. Stramaglia had engaged in improper delaying tactics that had impaired Ackerson's ability to liquidate his lien interest in the Torrington property.

The trial court, *Dranginis, J.,* denied the motion to open as well as a subsequent motion to reargue. Acceding to the objections raised by Ackerson, the court stated that "[Carmine S. Stramaglia] has already created great delay by not securing counsel until the eleventh hour and has engaged in an effort to delay this action by proceeding in Bankruptcy Court just prior to the April law days. Such dilatory tactics will not be rewarded by the court."

A divided Appellate Court held that the trial court had reasonably exercised its discretion to deny the motion to open the judgment of foreclosure in light of the substantial delays engendered by Carmine S. Stramaglia. *Society for Savings* v. *Stramaglia,* supra, 691. Judge Cretella, in his dissent, concluded that the equitable considerations that govern foreclosure actions made it inappropriate, in the circumstances of this case, for the trial court to give greater weight to the interests of a junior judicial lien holder such as Ackerson than to the interests of the Stramaglias in a successful workout of their mortgage debt with the foreclosing mortgagee. Id., 692–93.

Appellate review of a trial court's denial of a motion to open a foreclosure judgment under General Statutes

§ 49-15[3] is governed by two principles. Because the statute vests discretion in the trial court to grant or to deny a motion to open such a judgment, the action of the trial court will not be disturbed on appeal unless it clearly appears that the trial court has abused its discretion. *Melillo* v. *Spiro,* 187 Conn. 333, 334, 445 A.2d 921 (1982); *Hartford Federal Savings & Loan Assn.* v. *Stage Harbor Corporation,* 181 Conn. 141, 143, 434 A.2d 341 (1980); *Sebastiano* v. *Corde,* 171 Conn. 324, 325–26, 370 A.2d 946 (1976); *Freccia* v. *Martin,* 163 Conn. 160, 165, 302 A.2d 280 (1972); *Stocking* v. *Ives,* 156 Conn. 70, 72, 238 A.2d 421 (1968). Because foreclosure proceedings are equitable and § 49-15 is remedial in nature, the trial court's refusal to modify a judgment of foreclosure must, however, be consistent with the authority conferred upon that court "to modify the terms of the judgment in order to achieve an outcome fairer to the parties than provided by the original judgment in light of conditions as they appear when the motion to open is decided. . . . [E]ither a forfeiture or a windfall should be avoided if possible." *Farmers & Mechanics Savings Bank* v. *Sullivan,* 216 Conn. 341, 352–54, 579 A.2d 1054 (1990); see *Kilduff* v. *Adams, Inc.,* 219 Conn. 314, 321, 593 A.2d 478 (1991) (the purpose of a § 49-15 motion is to afford an opportunity to renegotiate with creditors with the view to reinstating a mortgage after default); cf. *Fidelity Trust Co.* v. *Irick,* 206 Conn. 484, 488–91, 538 A.2d 1027 (1988) (abuse of discretion to order strict foreclosure rather than foreclosure by sale). Balancing these two principles in the circumstances of this case, we conclude that the trial court abused its discretion.

---

[3] General Statutes § 49-15 provides: "OPENING OF JUDGMENTS OF FORE-CLOSURE. Any judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the same, upon the written motion of any person having an interest therein, and for cause shown, be opened and modified, notwithstanding the limitation imposed

In the cases in which we have affirmed the denial of a motion to open a foreclosure pursuant to § 49-15 as an appropriate exercise of the trial court's discretion, the reasons advanced in support of the motion differed significantly from the arguments advanced by Carmine S. Stramaglia in this case. We have found no abuse of discretion when the defendant sought to extend the time period for redemption but did not appear in court, or present evidence, in support of his motion. *Maresca* v. *Allen,* 181 Conn. 521, 523, 436 A.2d 14 (1980); *Sebastiano* v. *Corde,* supra, 325; see *Centerbank* v. *Connell,* 29 Conn. App. 508, 511, 616 A.2d 282 (1992); *Pacific Mutual Life Ins. Co.* v. *Broad Associates Limited Partnership,* 24 Conn. App. 42, 44, 585 A.2d 115 (1991) (no abuse of discretion in denying an extension when the defendant no longer had any equity in the property). We have similarly found no abuse of discretion when the defendant sought to raise a defense that, but for his own negligence, he could have discovered and presented at the time of the rendition of the foreclosure judgment. *Hartford Federal Savings & Loan Assn.* v. *Stage Harbor Corporation,* supra, 144; see *Manchester State Bank* v. *Reale,* 172 Conn. 520, 524, 375 A.2d 1009 (1977); *Jaquith* v. *Revson,* 159 Conn. 427, 431–32, 270 A.2d 559 (1970). In none of these cases did the defendant ask that the judgment be opened in order to permit the plaintiff to withdraw the foreclosure action and to reinstate the mortgage.

The trial court's denial of Carmine S. Stramaglia's motion did not question the plaintiff's acquiescence in the motion or the fact of the settlement between the plaintiff and the Stramaglias. The court focused, instead, on the injury allegedly caused to Ackerson as a judgment lien creditor by the failure to consummate

by section 52-212a, upon such terms as to costs as the court deems reasonable; but no such judgment shall be opened after the title has become absolute in any encumbrancer."

the foreclosure. The court found that Carmine S. Stramaglia had improperly engaged in dilatory tactics by not securing counsel "until the eleventh hour" and by proceeding to file a bankruptcy petition just prior to the April law days. We are unpersuaded by this reasoning.

A delay in obtaining professional advice may be a basis for refusing to countenance the belated proffer of a defense that should have been raised at the time of the rendition of the foreclosure judgment. See *Hartford Federal Savings & Loan Assn.* v. *Stage Harbor Corporation,* supra; *Manchester State Bank* v. *Reale,* supra; *Jaquith* v. *Revson,* supra. That is not this case. Whether the earlier intervention of counsel might have allowed a settlement to be negotiated earlier is, on the present record, purely speculative. The record does not show, therefore, that Ackerson was injured by Carmine S. Stramaglia's failure to obtain counsel at the time of the plaintiff's initiation of the foreclosure action.[4]

Furthermore, recourse to bankruptcy and the concomitant right to an automatic stay of state court proceedings are "fundamental debtor protections provided by the bankruptcy laws. . . . The stay provides a sanctuary from the jungle of creditors' pursuit of their individualistic collection efforts in order to safeguard the primary function of the bankruptcy system . . . to continue the law-based orderliness of the open credit economy in the event of a debtor's inability or unwillingness generally to pay his debts." (Citations omitted; internal quotation marks omitted.) *Bridgeport* v. *Debek,* 210 Conn. 175, 184–85, 554 A.2d 728 (1989). Exploration of the option to file a chapter thirteen peti-

---

[4] A condition of the proposed reinstatement of the mortgage between the plaintiff and the Stramaglias was the payment of a considerable sum of money. By increasing the debtors' equity of redemption, such a payment would have been beneficial to Ackerson, because it would have enhanced his interest as a junior lienor on the property.

tion is a legitimate use of the window of opportunity created by the setting of law days some time in the future. See *Kilduff* v. *Adams, Inc.,* supra.

The delays encountered in this foreclosure proceeding are not, in their totality, so egregious that, standing alone, they justify judicial disregard of an agreement that will allow the Stramaglias to retain their interest in their Torrington real estate. Ackerson's lien arose out of a judgment in New York in 1983 that was not recorded in Connecticut until 1987. Because Ackerson took no steps to pursue the foreclosure action that he filed later that year, there is no basis for his contention that he has been delayed since 1983 by the allegedly dilatory tactics of Carmine S. Stramaglia of which he now complains. At best, Carmine S. Stramaglia's delay in this case relates only to the seven and one-half month period between March 28, 1989, the date of the judgment of foreclosure, and November 7, 1989, the date of the motion to open that judgment. A judgment creditor who has himself postponed taking action on foreclosing his lien, and who continues to have available to him the remedies arising out of that delayed action, has not demonstrated such prejudice as would warrant depriving a debtor of the opportunity to reinstate his mortgage.

Section 49-15 is a remedial statute designed to provide relief for property owners "when, at the time of the decision upon the motion to open, it appeared that a modification of the terms of the original judgment would produce a more equitable result." *Farmers & Mechanics Savings Bank* v. *Sullivan,* supra, 352. "The term 'discretion' means a legal discretion to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice." (Internal quotation marks omitted.) *Buckley* v. *Warden,* 181 Conn. 286, 290, 435

A.2d 348 (1980). In the circumstances of this case, the Appellate Court should have found an abuse of discretion in the trial court's refusal to implement the salutary purpose of the statute.

The judgment of the Appellate Court is reversed, and the case is remanded to that court with direction to remand the case to the trial court with direction to grant the motion to open and for further proceedings according to law.

In this opinion the other justices concurred.