[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Mary Beke Wynne (Wynne), obtained and defaulted on a mortgage which was assigned to the plaintiff, Manhattan Savings Bank, on April 3, 1995, a judgment of strict foreclosure was entered in favor of the plaintiff. A motion for a deficiency judgment was filed and subsequently granted on April 25, 1997.
On July 3, 1996 the plaintiff filed a motion to substitute "Dyck O'Neal" as plaintiff. The court granted this motion to CT Page 11229 substitute party plaintiff on April 25, 1997.
On April 9, 1998, approximately twelve months after a deficiency judgment had entered in its favor, the substitute plaintiff filed with this court a motion to open the judgment "for the sole purpose of correcting the Plaintiff's name." (Motion to Open Judgment, 04/09/98, p. 1.) The substitute plaintiff argued that opening the judgment was proper because it only sought to have the judgment "corrected to reflect the true legal name of the Plaintiff, which . . . was entered as `Dyck O'Neal' instead of `Dyck O'Neal, Inc.'" (Memorandum, 6/8/98, p. 1.) This court granted the motion to open the judgment, and amended the name of the plaintiff as requested, on June 12, 1998.
On June 9, 1998, the defendant, Wynne, filed a brief in opposition to the motion to open. The defendant argued that General Statutes § 52-212a and Practice Book § 17-4
(formerly § 326) precluded the court from granting the motion to open the judgment. After this court granted the motion to open, on June 23, 1998, the defendant filed a motion for articulation requesting a "written decision stating the basis wherein the Court believes it has jurisdiction in light of Connecticut General Statutes § 52-212A." (Motion for Articulation, 6/23/98.)
General Statutes § 52-212a states in pertinent part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. . ." The language contained in Practice Book § 17-4
(formerly § 326), "Setting Aside or Opening Judgments," is virtually identical to § 52-212a.
General Statutes § 49-15 supersedes § 52-212a. Section 49-15 pertains to the opening of judgments of foreclosure and states in pertinent part: "Any judgment foreclosing the title to real estate by strict foreclosure may, at the discretion of the court rendering the same, upon the written motion of any person having an interest therein, and for cause shown, be opened and modified, not-withstanding the limitation imposed by section52-212a . . . but no such judgment shall be opened after the title has become absolute in any encumbrancer."[1] (Emphasis added.) General Statutes § 49-15. CT Page 11230
"A motion to open a judgment of strict foreclosure is addressed to the discretion of the trial court. . ." (Citation omitted; internal quotation marks omitted.) Centerbank v.Connell, 29 Conn. App. 508, 510, 616 A.2d 282 (1992). Recently, our Supreme Court discussed the equitable powers that § 49-15
confers on the trial court: "The law governing strict foreclosure lies at the crossroads between the equitable remedies provided by the judiciary and the statutory remedies provided by the legislature. . . Because foreclosure is peculiarly an equitable action . . . the court may entertain such questions as are necessary to be determined in order that complete justice may be done." (Citations omitted; internal quotation marks omitted.) NewMilford Savings Bank v. Jajer, 244 Conn. 251, 256, (1998).
"Because foreclosure proceedings are equitable and [General Statutes §] 49-15 is remedial in nature, the trial court's refusal to modify a judgment of foreclosure must, however, be consistent with the authority conferred upon that court `to modify the terms of the judgment in order to achieve an outcome fairer to the parties than provided by the original judgment in light of conditions as they appear when the motion to open is decided. . . Either a forfeiture or a windfall should beavoided if possible.'" (Citation omitted.) Society for Savings v.Stramaglia, 225 Conn. 105, 110, 621 A.2d 1317 (1993), quotingFarmers Mechanics Savings Bank v. Sullivan, 216 Conn. 341,352-54, 579 A.2d 1054 (1990). A trial court may open judgments "on a case-by-case basis in order that complete justice may be done." (Internal quotation marks omitted.) New Milford Savings Bank v.Jajer, supra, 244 Conn. 261.
In the present case, the plaintiff argued that this court had the power to enter the relief requested because the error was only a circumstantial one; the error was merely a "scrivener's error." Further, the plaintiff argued that the defendant was not prejudiced by the error because the defendant "appeared, had knowledge of the action, was properly subject to the judgement of strict foreclosure, had notice of the motion for deficiency judgment, appeared at the hearing on the motion for deficiency judgment and contested the matter in an adversarial hearing. . ." (Plaintiff's Memorandum, 6/8/98, p. 6.).
The defendant argued that General Statutes § 52-212a
precluded this court from having jurisdiction to open the CT Page 11231 judgment because the plaintiff failed to file a motion to open within the four month period required under § 52-212a and Practice Book § [17-4 (formerly § 326)].
The court granted the motion to open the judgment solely for the purpose of correcting the name of the plaintiff. First, General Statutes § 49-15 provides this court with the power to open a judgment "notwithstanding the limitation imposed by § 52-212a." General Statutes § 49-15. Second, the error in this case, citing the plaintiff as "Dyck O'Neal" instead of "Dick O'Neal, Inc.," can be classified as a "misnomer," rather than a substantive error.[2] As argued by the plaintiff, and discussed supra, the defendant was not prejudiced by the error.
Moreover, a refusal to open the judgment would have precluded the plaintiff from obtaining the deficiency judgment, and would have provided the defendant with a windfall of approximately $52,000.[3] As stated in Society for Savings v. Stramaglia, "[in applying General Statutes § 49-15,] [e]ither aforfeiture or a windfall should be avoided if possible." (Internal quotation marks omitted.) Society for Savings v.Stramaglia, 225 Conn. 105, 110, 621 A.2d 1317 (1993).
In New Milford Savings Bank v. Jajer, wherein a parcel of real estate was omitted from the foreclosure complaint but the parties were aware of its intended inclusion, the Supreme Court noted that "the legislature's purpose in enacting § 49-15 was not to preclude amendment to correct scrivener's errors. . ."New Milford Savings Bank v. Jajer, 244 Conn. 251, 258, (1998). The Court added that neither the text of § 49-15
nor its intended purpose requires a construction so broad "that it would preclude trial courts from exercising their equitable discretion to correct inadvertent omissions in mortgage foreclosure proceedings." Id., 260. The facts of this case are analogous to New Milford Savings Bank v. Jajer, because the failure to include "Inc." after the name of the plaintiff was an inadvertent omission that did not prejudice the defendant. Seeid.
Moreover, the defendant's assertion that the change of the plaintiff from "Dyck O'Neal" to "Dyck O'Neal, Inc." is not a typographical or clerical error is without merit. In other contexts our courts have held that such a change is a mere circumstantial defect. See Andover Limited Partnership I v. Boardof Tax Review, 232 Conn. 392, 397, 655 A.2d 759 (1995) (allowing CT Page 11232 amendment when misdescription is shown to be a mere misnomer or defect in description); Lussier v. Department of Transportation,228 Conn. 343, 350, 636 A.2d 759 (1994) (finding circumstantial defect was not fatal because complaint provided adequate notice that defendant was intended party to action); Pack v. Burns,212 Conn. 381, 384-85, 562 A.2d 24 (1989) (finding that plaintiff sued proper party but merely misdescribed that party's legal status); Four Beaches Condominium Assoc. v. W.C. Brescia Plumbing Heating, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 384124 (October 17, 1997, Zoarski,J.T.R.) (20 CONN. L. RPTR. 442) (naming defendants by their corporate titles rather than actual names did not render summons and complaint fatally defective); Parkway Plaza, Inc. v. Mark andAssociates Niemur Medical Associates, Superior Court, judicial district of Stamford-Norwalk at Norwalk, Docket No. 18543 (July 18, 1996, Tierney, J.) (denying motion to dismiss on grounds that notice to quit contained a misspelling of defendant's name and the corporate designation of "P.C." was not properly described in notice to quit); The Big Y Trust v. WescoDistribution, Inc., Superior Court, judicial district of Windham at Putnam, Docket No. 052042 (December 18, 1995, Sferrazza, J.) (15 CONN. L. RPTR. 501) (upholding mechanic's lien absent clear and convincing evidence that misnomer was result of bad faith or caused defendant to suffer prejudice).
For the reasons set forth above the foreclosure judgment was opened for the limited purpose of amending the name of the substitute plaintiff.
Donald W. Celotto Judge Trial Referee