[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
R.H. Macy's Co., Inc. and nine of its subsidiaries (collectively, RHM), filed for bankruptcy in the United States Bankruptcy Court for the Southern District of New York, pursuant to Title 11 of the Federal Bankruptcy Code, on January 27, 1992. The defendant, Federated Department Stores, joined RHM's bankruptcy reorganization plan due the proposed merger between the companies, which subsequently occurred. The plaintiff, Robert Parker, filed a personal injury action against the defendants, Macy's Specialty Stores, Inc. and Federated Department Stores, on June 27, 1997, alleging, inter alia, that on December 9, 1994 while employed and working in Macy's Danbury store, he was injured due to the negligence the defendants. The plaintiff amended the complaint on December 9, 1997, to change the named defendants to Federated Department Stores, Inc. d/b/a Macy's and Macy's East, Inc. The defendants filed a motion to dismiss the plaintiff's action on December 13, 1999, on the grounds that the bankruptcy court has exclusive jurisdiction over the plaintiff's action and has ordered the plaintiff to proceed with the action pursuant to the defendants' bankruptcy plan and Alternative Dispute Resolution Order (ADRO) as ordered by the bankruptcy court on June 2, 1999. CT Page 3209
They argue that the complaint should be dismissed for lack of subject matter jurisdiction because the bankruptcy court ordered the plaintiff to proceed with his action pursuant to the ADRO, thereby enjoining the plaintiff from proceeding in the state courts. In support of their argument, the defendants refer to the ADRO, which provides, in pertinent part: "Such proceedings [for personal injury claims] will be stayed and enjoined under the [bankruptcy] Plan and sections 105, 524, 1141 of the Bankruptcy Code (the `ADR injunction') so that such claims may proceed to resolution through the ADR procedure." (ADRO § 16, November 21, 1995.)
The defendants further argue that this court lacks subject matter jurisdiction based on the bankruptcy court's subsequent order, which provides in pertinent part: "the claims asserted by Robert Parker against [the defendants] . . . must be settled according to the Order Approving Alternative Dispute Resolution procedure entered by this Court on November 21, 1995." (Order Enforcing Resolution of Claims of Robert Parker, June 2, 1999.) The defendants additionally argue that previous decisions of the Superior Court have granted motions to dismiss based on bankruptcy stays and the existence of a claims resolution order issued by a bankruptcy court. See Yagovane v. Givans, Superior Court, judicial district of New Haven, Docket No. 310639 (June 3, 1992, Hadden, J.) (7 C.S.C.R. 792).
The plaintiff claims that the bankruptcy court has stayed the defendants' action before this court and, therefore, this court may not take any further action in this matter for or against either party pursuant to D.J. King Trucking Excavating, Inc. v.Corcoran Builders, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 534936 (April 10, 1996, Schimelman, J.). In that case, argues the plaintiff, the court found that a bankruptcy stay absolutely precludes the Superior Court from taking any action for or against the defendant or the plaintiff, and therefore the defendants' motion to dismiss should be denied.
Title 11 U.S.C. § 105 (a) vests bankruptcy courts with the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [title 11 of the bankruptcy code]." Bankruptcy courts have broad powers to carry out "the primary function of the bankruptcy system . . . to continue the law-based orderliness of the open credit economy in the event of a debtor's inability or unwillingness generally to CT Page 3210 pay his debts." (Citations omitted; internal quotations omitted.)Society for Savings v. Stramaglia, 225 Conn. 105, 112 (1993). The United States Supreme Court recently upheld an injunction issued by a bankruptcy court stating that "Congress intended to grantcomprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate." (Citations omitted; internal quotations omitted.) Celotex Corp. v. Edwards,514 U.S. 300, 308, 115 S. Ct 1493, 131 L.Ed.2d 403 (1995).
A fundamental protection provided a debtor within the bankruptcy system is an automatic stay of "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title. . . ." 11 U.S.C. § 362 (a)(1). The word "debtor" within the bankruptcy code refers to the "person or municipality concerning which a case under this title has been commenced."11 U.S.C. § 101 (13). A "person" within the bankruptcy code "includes individuals, partnerships and corporations. . . ." 11 U.S.C. § 101
(41).[1]
The defendants rely heavily on a case; Yagovane v. Givans, supra, Superior Court, Docket No. 310639; where the court granted the defendant's motions to dismiss two apportionment complaints because the defendant had filed for bankruptcy protection pursuant to 11 U.S.C. § 362 (a)(1). That case is distinguishable from the present action. In that case, the plaintiff's cause of action accrued prior to the defendant's filing for bankruptcy and as such the plaintiff's "judicial proceeding against the debtor . . . could have been commenced before the commencement of the case under [title 11]," i.e., prior to the defendant's filing for bankruptcy. 11 U.S.C. § 362 (a)(1). Therefore, because the plaintiff's action could have been commenced prior to the defendants' filing for bankruptcy, the automatic stay provision of 11 U.S.C. § 362 (a)(1) stayed the action and the subsequent claims resolution order requires the plaintiff to proceeded with his action exclusively under the jurisdiction of the bankruptcy court.
The bankruptcy code is clear on its face; it automatically stays "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtorthat was or could have been commenced before the commencement ofthe case under this title. . . ." (Emphasis added.) 11 U.S.C. § 362
CT Page 3211 (a)(1). Therefore, because the plaintiff alleges that his injuries were sustained after the defendant commenced bankruptcy proceedings under title 11, the automatic stay does not prevent his action against the defendant. This does not, however, mean that the present action has not been stayed by the bankruptcy court.
As discussed above, bankruptcy courts have comprehensive jurisdiction to carry out the primary purpose of the bankruptcy system, that is: "to continue the law-based orderliness of the open credit economy in the event of a debtor's inability or unwillingness generally to pay his debts." Society for Savings v.Stramaglia, supra; see also Celotex Corp. v. Edwards, supra. To that end, a bankruptcy court has very broad powers and "may issueany order, process, or judgment that is necessary or appropriateto carry out the provisions of [title 11]. No provision of this title . . . shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules. . . ." (Emphasis added.) 11 U.S.C. § 105 (a).
Although the bankruptcy code's automatic stay provision does not apply in the present case, the bankruptcy court issued a stay and ADRO consistent with its broad authority to protect the bankruptcy petitioner. The stay and subsequent court rulings and orders require the plaintiff to proceed with his action pursuant to the ADRO. Requiring the plaintiff to proceed exclusively under the ADRO is consistent with the bankruptcy code's primary purpose of protecting the bankruptcy party from actions by others that would disturb the "law-based orderliness of the open credit economy. . . ." Society for Savings v. Stramaglia, supra. Therefore, pursuant to the stay, the ADRO and the bankruptcy court's order of June 2, 1999, the plaintiff's present action is permanently stayed and enjoined and the plaintiff may only proceed with his action against the defendants pursuant to the ADRO and bankruptcy plan as approved and ordered by the bankruptcy court. Should the plaintiff wish to proceed with the present action in the state forum, he may petition the bankruptcy court to vacate or annul the stay, notwithstanding the action's dismissal by this court. See Prudential Ins. Co. v. Calabrese, Superior Court, judicial district of Waterbury, Docket No. 127550 (March 15, 1999, Pellegrino, J.) (16 Conn. L. Rptr. 247).
The defendants' motion to dismiss is, accordingly, granted. CT Page 3212
Moraghan, J.