MONTANARO BROTHERS BUILDERS, INC., ET AL.
*v.* MAURICE H. SNOW ET AL.
(2865)

DUPONT, C.P.J., BORDEN and SPALLONE, Js.

Argued February 13—decision released May 14, 1985

*Bernard Green,* with whom, on the brief, was *Daniel Green,* for the appellants (defendants).

*Bourke G. Spellacy,* with whom, on the brief, was *Daniel Shepro,* for the appellees (plaintiffs).

SPALLONE, J. The defendants have appealed from a judgment of the trial court ordering the return of $16,000 paid to them by the plaintiffs pursuant to a purported agreement for an option to purchase real estate.

This action was initiated in 1978 for specific performance of the alleged agreement. The case was tried in 1981, and the trial court, *Geen, J.,* found that the option agreement was void and unenforceable under the statute of frauds. While that decision was upheld on

appeal; *Montanaro Bros. Builders, Inc.* v. *Snow,* 190 Conn. 481, 460 A.2d 1297 (1983) *(Montanaro I);* the Supreme Court "[i]n the interests of justice" remanded the case "so that the plaintiffs may have an opportunity to establish the extent to which the defendants have been enriched by their receipt of $16,000." Id., 490. The court expressed no opinion on whether there had been any unjust enrichment. Id. On remand, the trial court, after an evidentiary hearing, held that the defendants had been unjustly enriched in the amount of $16,000. This appeal followed.

The facts underlying the creation of the purported agreement are set forth in *Montanaro I,* and need not be repeated here. It is pertinent to note, however, that pursuant to the purported agreement the plaintiffs paid the defendants $15,000 for a twelve month option to purchase real estate owned by the defendants. At the end of the twelve month period, the plaintiffs sent the defendants' attorney a check for $1000 to extend the option for two additional months. These are the funds that are now in dispute.

The first claim of error raised by the defendants concerns the trial court's action upon their motion for a special finding. Special findings by the trial court may be requested under General Statutes § 52-226. The statute provides, in pertinent part, that "[i]n any trial to a court, except a trial at a small claims session, the court shall find, upon written motion of either party made within fourteen days after the entry of judgment, the facts upon which its judgment is founded, and make the finding a part of the record." A special finding is an incident of the judgment. *Faiola* v. *Faiola,* 156 Conn. 12, 15, 238 A.2d 405 (1968). If a finding under General Statutes § 52-226 is insufficient to support the judgment, the error is considered to be upon the record; *Carvette* v. *Fidelity & Deposit Co.,* 152 Conn. 697,

698, 204 A.2d 409 (1964); and thus subject to appellate review. *Tower* v. *Camp,* 103 Conn. 41, 45, 130 A. 86 (1925).

In this case, the defendants requested that the trial court make seventeen special findings which they claimed were material to the issues tried. The trial court denied the motion, and the defendants claim that the denial was improper. In denying the motion, the court noted that General Statutes § 52-226 applies specifically to actions for legal relief.[1] The court correctly reasoned that since the relief which the plaintiffs sought was based on the theory of unjust enrichment, their action was one for equitable relief and, therefore, the statute did not apply. *Tilden* v. *Century Realty Co.,* 112 Conn. 439, 441, 152 A. 707 (1930). The court, however, proceeded to examine the requested findings and con-

---

[1] General Statutes § 52-226 provides: "In any action for legal relief, when the parties join in an issue of fact and the action is tried to the court, the judge of the court may hear and try the issue without a jury, award damages and costs, and grant execution, in the same manner and on the same principles as in a trial by jury. In any trial to a court, except a trial at a small claims session, the court shall find, upon written motion of either party made within fourteen days after the entry of judgment, the facts upon which its judgment is founded, and make the finding a part of the record."

Prior to the enactment of Public Acts 1982, No. 82-160, § 112, General Statutes (Rev. to 1981) § 52-226 provided: "In any action for legal relief, when the parties join in an issue of fact and put themselves on the court for trial, the judge of such court may hear and try the same without a jury, and award damages and costs, and grant execution, in the same manner and on the same principles as in trials by jury; *but in any such trial,* other than a trial at a small claims session, the court shall find, upon written motion of either party made within fourteen days after the entry of judgment, the facts upon which its judgment is founded, and cause such finding to become a part of the record." (Emphasis added.)

The legislative history of the 1982 amendment discloses that the rephrasing of General Statutes § 52-226 was a technical revision to "clarify and update" its language. Comments of David Biklen, executive director of the Connecticut Law Revision Committee, before the Joint Standing Committee on the Judiciary, 1982 Sess., pp. 347–48. It is apparent from the history of the act that the rewording is not to be read to extend the statute's provision for special findings to actions for equitable relief.

cluded that none of them furthered the purpose of detailing "the material facts upon which the judgment is based." Practice Book § 333. It found that twelve of the requested findings related back to the factual underpinnings of *Montanaro I.* Of the remaining five, the trial court found that one was irrelevant, that one was a matter of court record, and that three did not rest upon credible evidence.

We are constrained, at this point, to note that the defendants' claim of error based on the court's action upon their motion for special findings is not properly before us. The essence of the defendants' argument is that the trial court's denial of their motion has rendered the record unclear for purposes of this appeal. This claim ignores the intent of General Statutes § 52-226. "The purpose of a special finding is to place upon the record the material facts upon which the judgment is based; other matters have no place in it and can only be presented in a finding made for the purpose of an appeal." Practice Book § 333. A party whose motion for a special finding under General Statutes § 52-226 has been denied may not assign that denial as error. *Davis* v. *P. Gambardella & Son Cheese Corporation,* 147 Conn. 365, 367 n.1, 161 A.2d 3 (1960).

Here, the trial court prepared a written memorandum of decision in accordance with Practice Book § 3060B, which provides, in part, that "when rendering judgments in trials to the court, the court shall, either orally or in writing, state its decision on the issues in the case and, if there are factual issues, the factual basis of its decision." Such memoranda have replaced findings made for the purpose of appeal.

In arguing that the court's action upon their motion has left the record inadequate for appellate review, the defendants do so in apparent disregard of the avenues of relief provided by our rules of practice which they

might have pursued at an early stage of this appeal. The defendants could have sought an order to complete the record under Practice Book § 3096 or rectification for purposes of appeal under Practice Book § 3082. Generally, one who seeks further articulation of the factual basis of the trial court's decision should file a motion with the trial court under Practice Book § 3082 "setting forth the special factual issues he seeks to have resolved . . . ." *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 222 n.5, 435 A.2d 24 (1980). If a party is aggrieved by the action of the trial court on such a motion, he may seek review of that action by motion to this court under Practice Book § 3108. Practice Book § 3082; see Maltbie, Conn. App. Proc. § 281.

The defendants have raised five additional claims of error. Two of these claims[2] refer back to *Montanaro I,* and were disposed of in the underlying adjudication that the option agreement was unenforceable under the statute of frauds. It is well established "that the opinion of an appellate court, so far as it is applicable, establishes the law of the case upon a retrial, and is equally obligatory upon the parties to the action and upon the trial court. *Laurel, Inc.* v. *Commissioner of Transportation,* 173 Conn. 220, 222, 377 A.2d 296 (1977); *Gray* v. *Mossman,* 91 Conn. 430, 434, 99 A. 1062 (1917); 5 Am. Jur. 2d, Appeal and Error § 744." *Dacey* v. *Connecticut Bar Assn.,* 184 Conn. 21, 23, 441 A.2d 49 (1981). Since the Supreme Court determined that no

---

[2] The defendants' brief provides in part: "B. The trial court erred in concluding that the plaintiffs are entitled to recover the $16,000.00 they paid the defendants when it was the plaintiffs who elected not to purchase the subject property in accordance with the oral agreement between the parties, and when the defendants were, at all times, ready, willing and able to perform pursuant to the oral agreement. . . . E. The trial court erred in concluding that the plaintiffs were entitled to recover the $16,000.00 they paid the defendants, in view of the fact that the plaintiffs failed to exercise their rights under the option agreement."

agreement existed between the parties in *Montanaro I,* that determination was the law of the case upon a retrial. See *Manchester Modes, Inc.* v. *Ellis,* 2 Conn. App. 261, 262, 477 A.2d 164 (1984). Consequently, the defendants' claims that could be sustained only upon a finding that the option agreement was viable do not warrant our consideration. The defendants, "[h]aving previously relied upon the unenforceability of the option agreement to defeat the plaintiffs' claim for specific performance . . . cannot now invoke the provisions of that unenforceable agreement as an absolute bar to the plaintiffs' claim of unjust enrichment." *Montanaro I,* supra, 489.

In connection with the trial court's finding of unjust enrichment, the defendants claim that the trial court misplaced the burden of proof by requiring them to prove that they were not unjustly enriched through their receipt of the $16,000. Although there was colloquoy before the court as to where the burden of proof properly lay, our review of the record discloses that the defendants voluntarily went forward with their evidence and never raised any objection to the allocation of the burden of proof. An issue not raised in the trial court will not generally be considered on appeal. Practice Book § 3063; *Mazur* v. *Blum,* 184 Conn. 116, 120, 441 A.2d 65 (1981). The only circumstances under which we will consider such an issue require either that a new, unforeseeable constitutional right has arisen since trial or that the record indicates a clear deprivation of a fundamental constitutional right and a fair trial. *Mazur* v. *Blum,* supra, 120-21 n.5; *State* v. *Evans,* 165 Conn. 61, 69–70, 327 A.2d 576 (1973). Neither of those circumstances exists in this case.

We note, moreover, that although the trial court did not specifically address the allocation of the burden of proof in its memorandum of decision, it indicated its recognition of the fact that the burden fell upon the

plaintiffs by citing *Montanaro I*. See *Capozzi* v. *Luciano*, 174 Conn. 170, 173, 384 A.2d 359 (1978). In *Montanaro I*, the Supreme Court directed that the case be remanded "so that the *plaintiffs* may have an opportunity to establish the extent to which the defendants have been enriched by their receipt of $16,000." (Emphasis added.) *Montanaro I*, supra, 490. On remand, a trial court must comply strictly with the mandate of the appellate court according to its true intent and meaning. *Wendland* v. *Ridgefield Construction Services, Inc.*, 190 Conn. 791, 795, 462 A.2d 1043 (1983).

The defendants next claim that the trial court erred in concluding that they were unjustly enriched. "Unjust enrichment is a legal doctrine to be applied when no remedy is available pursuant to a contract. 5 Williston, Contracts (Rev. Ed.) § 1479. In order for the plaintiff to recover under the the doctrine, it must be shown that the defendants were benefitted, that the benefit was unjust in that it was not paid for by the defendants, and that the failure of payment operated to the detriment of the plaintiff. *Monarch Accounting Supplies, Inc.* v. *Prezioso*, 170 Conn. 659, 665–66, 368 A.2d 6 (1976); *Providence Electric Co.* v. *Sutton Place, Inc.*, 161 Conn. 242, 246, 287 A.2d 379 (1971)." *A & C Corporation* v. *Pernaselci*, 2 Conn. App. 264, 265, 477 A.2d 166 (1984).

Although a claim in restitution is legal in form, it is equitable in nature and the trial court may accordingly balance the equities and take into account "a variety of competing principles to determine whether the defendant has been unjustly enriched." *Vines* v. *Orchard Hills, Inc.*, 181 Conn. 501, 507, 435 A.2d 1022 (1980). To prove unjust enrichment, the purchaser must show that the loss sustained by the seller is less than the moneys received from the purchaser. Id., 510. Basically, the purchaser must show that the seller sustained a net gain. Id.

The balancing of equities is a matter which falls within the discretion of the trial court. *Kakalik* v. *Bernardo,* 184 Conn. 386, 395, 439 A.2d 1016 (1981). For that reason, equitable remedies are not bound by formula but are molded to the needs of justice. *Hebrew University Assn.* v. *Nye,* 26 Conn. Sup. 342, 348–49, 223 A.2d 397 (1966). "Discretion means 'a legal discretion to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice.' " *Hammerberg* v. *Leinert,* 132 Conn. 596, 604–605, 46 A.2d 420 (1946); see *Buckley* v. *Warden,* 181 Conn. 286, 290, 435 A.2d 348 (1980).

Where the exercise of judicial discretion is called upon, its exercise will not ordinarily be interfered with on appeal. *Sturman* v. *Socha,* 191 Conn. 1, 7, 463 A.2d 527 (1983); *DeSantis* v. *Piccadilly Land Corporation,* 3 Conn. App. 310, 315–16, 487 A.2d 1110 (1985). Reversal because that discretion has been abused will be required only where the abuse is manifest or where injustice appears to have been done. *DeSantis* v. *Piccadilly Land Corporation,* supra. Here, evidence was presented which showed that, at all times during the dispute, the defendants continued to use the property as they had before executing the purported agreement, that one of the defendants had continued to maintain his residence on the premises, that the defendants' efforts to sell the property to other buyers had been minimal and that the defendants had the unrestricted use of the $16,000. Our review of the trial court's conclusion, which was based upon a weighing of the equities drawn from the facts presented to it, reveals no abuse of discretion.

The final claim of error raised by the defendants is that the trial court erred in awarding the plaintiffs damages because the claim of unjust enrichment was not pleaded at the original trial. In making this argument,

the defendants appear to overlook the mandate of *Montanaro I*, in which the Supreme Court remanded this case on exactly that issue.

On remand, the issues may be restricted to one issue or to certain issues only. General Statutes § 52-266; Maltbie, Conn. App. Proc. § 350. An order restricting the issues will never be made unless the court clearly views the restriction as doing justice in the case. *Murray* v. *Krenz,* 94 Conn. 503, 508, 109 A. 859 (1920). The power to make such an order falls within the discretion of the appellate court. Id.

The Supreme Court in *Montanaro I* acknowledged that the plaintiffs' complaint invoked only general equitable principles and did not specifically refer to restitution of payments made in reliance upon the unenforceable option agreement. *Montanaro I,* supra, 490. It felt, however, that "in the interests of justice," the case should be remanded on that issue.

Where it is apparent to the appellate court that a defect in the pleadings can be corrected by amendment, the reviewing court may direct that, on remand, new or supplemental pleadings be filed. 5 Am. Jur. 2d, Appeal and Error § 971; see *Baskin's Appeal from Probate,* 194 Conn. 635, 484 A.2d 934 (1984). In this case, that was not required. Although the complaint was "hardly a model of good pleading," the plaintiffs did make out a "residual" restitutionary claim. *Montanaro I,* supra, 490. The case was thus remanded for a determination of that claim, which affected the rights of the parties and which was not decided in the original trial. The trial court was bound to comply with that mandate. *Wendland* v. *Ridgefield Construction Services, Inc.,* supra, 794. "Compliance means that the

direction is not deviated from." *Humphrey* v. *Gerard,* 84 Conn. 216, 221–22, 79 A. 57 (1911), quoted in *Wendland* v. *Ridgefield Construction Services, Inc.,* supra, 794–95.

There is no error.

In this opinion the other judges concurred.