[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AS TO SECOND COUNT, UNJUST ENRICHMENT
This case was tried to the jury and the court submitted the first count on express contract but reserved this count on the theory that this second count sounded in equity. CT Page 835
The jury returned a verdict for the defendant on the first count, thereby concluding that there was no express contract obligating the defendant to transfer to the plaintiff one-half of the business known as "Cos-Con, Inc."
In the second count, the plaintiff seeks to recover on a variety of claims on the theory that the defendant will be unjustly enriched if the plaintiff is denied recovery. The court relied in part on Montanaro Bros. Builders, Inc. v. Snow, 4 Conn. App. 46
(1985), where at page 53 the court stated:
 "Although a claim in restitution is legal in form, it is equitable in nature and the trial court may accordingly balance the equities and take into account "a varity of competing principles to determine whether the defendant has been unjustly enriched", citing Vines v. Orchard Hills, Inc., 181 Conn. 501, 507
(1980).
In order for the plaintiff to recover under the doctrine, it must be shown that the defendant was benefitted [benefited], that the benefit was unjust in that it was not paid for by the defendant, and that the failure of payment operated to the detriment of the plaintiff. Id. at page 53.
In view of the jury verdict, the court must find a proper theory upon which to base an award to the plaintiff for his alleged losses in the purchase of a new house in Connecticut and the sale of a house in Virginia. Though the plaintiff may have incurred such a loss as a result of his removal to Connecticut to work for Cos-Con, Inc., this loss did not accrue to the benefit of the defendant. Further, this loss is largely conjectural and the court did not hear facts which support an award. For example, the plaintiff used the difference in his mortgage payments as the key to his claim. However, he assumed the properties to be of the same value, size etc.
The plaintiff also claimed he should receive one-half of the increase in profits accruing to Cos-Con, Inc. by virtue of his efforts. Again, in the absence of a contract there is no basis whatsoever for this claim as the plaintiff was paid to do what he, did.
The final claim of the plaintiff involves his alleged share of the corporations pension and profit sharing plans, an amount the parties agree would be $26,381 if the plaintiff's theory is accepted by the court. The plaintiff was employed by the corporation from May of 1979 to about February 1, 1984. The plans CT Page 836 did not exist until January 1, 1981. The plaintiff therefore had three (3) years of employment under the plan and over four years total.
In order to qualify for the share in question the plaintiff; is required to have four years of service. The plaintiff claims the plan requires four years of service to the company, the defendant claims the four years must be performed while the plan is in effect — i.e., starting from January 1, 1981. Since the plaintiff left in 1984, on the defendant's theory he would be ineligible.
At page seven of Exhibit D, the "Defined Contribution Pension Plan", a "Year of Service" is defined. Section 1.27 of Article I, "Definitions" reads as follows:
 1.27 "Year of Service" shall mean, except as specifically modified herein, a Plan Year during which the Employee has not less than one thousand (1,000) Hours of Service and shall include Years of Service with a corporate predecessor of the Employer.
The court finds no modifications of this definition and the reference to a corporate predecessor is inapplicable (actually, the preparer appears to have neglected to proof read this version of a previously used form). Though the phrase "Plan Year" is not defined, it would appear obvious that it is used to describe a year in which the plan is operating. The court can find no other possible interpretation and cannot find any language to support the plaintiff's contention that a "Year of Service" means any year of corporate employment, including years prior to January 1, 1981.
It is therefore the decision of the court that judgment enter for the defendant on the second count.
Anthony V. DeMayo, Judge