[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #108
The plaintiff, Karen A. Morton,[1] filed a six count substituted complaint, which is dated March 8, 1995, against the defendants; Bill's Crossroads, Inc. d/b/a Bill's Crossroads Cafe; Robert Degirolomo; and Ann L. Smith. Degirolomo is a duly licensed permittee of Bill's Crossroads, Inc. d/b/a Bill's Crossroads Cafe. This decision will refer to Degirolomo and Bill's Crossroads, Inc. collectively as Bill's Crossroads. Smith is the duly licensed permittee and owner/backer of Black Rock Castle.
In the complaint, Morton seeks to recover for injuries that her decedent received when Barksdale was fatally injured from a car accident involving John M. Prince. Barksdale was a passenger in a car that Prince was driving. The gravamen of the complaint is that before driving the automobile, Prince consumed alcohol and became intoxicated at Bill's Crossroads and then consumed more alcohol and became further intoxicated at Black Rock Castle. Prince is a minor.
The complaint is in six counts, the first three are alleged against Bill's Crossroads, the last three are alleged against Smith. Counts one and four allege a violation of Connecticut's Dram Shop Act, General Statutes § 30-102. Counts two and five allege the defendants acted negligently. Counts three and six allege the defendants acted recklessly.
On May 20, 1995, Smith filed a motion to strike counts five and six. Smith also filed a memorandum in support. On May 23, 1995, Bill's Crossroads filed a motion to strike counts two and three. Bill's Crossroads also filed a memorandum in support. Morton filed a memorandum in opposition, which is dated June 23, 1995.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the [non-moving party]." (Internal quotation marks omitted.)Novametrix Medical Systems, Inc. v. BOC Group Inc., 224 Conn. 210,214-15, 618 A.2d 25 (1992). "The allegations of the pleading are CT Page 11659 entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBSInc., 196 Conn. 91, 108-09, 491 A.2d 368 (1985).
Counts two and five: negligence
The argument that Smith presents in her memorandum and the argument that Bill's Crossroads presents in its memorandum are similar. Citing Quinette v. Newman, 213 Conn. 343, 568 A.2d 786
(1990), both defendants argue that Connecticut does not recognize a cause of action in negligence for serving alcohol to a minor.
The plaintiff contends that Ely v. Murphy, 207 Conn. 88,93-97, 540 A.2d 54 (1988) modified Connecticut's common law rule to permit a cause of action based on negligence of a social host, or other purveyor, who serves alcohol to a minor.
The common law rule did not recognize a cause of action in negligence against the provider of alcohol because the consumption of the alcohol broke the chain of causation as a matter of law. InEly, the Supreme Court modified this rule and stated that "[i]n view of the legislative determination that minors are incompetent to assimilate responsibly the effects of alcohol and lack the legal capacity to do so, logic dictates that their consumption of alcohol does not, as a matter of law, constitute the intervening act necessary to break the chain of proximate causation and does not, as a matter of law, insulate one who provides alcohol to minors from liability for ensuing injury." (Emphasis added.) Id., 95. This quote does not by its verbiage restrict itself to just social hosts.
The court finds that Ely v. Murphy, supra, 207 Conn. 88
controls the outcome of this case. Although the defendants argue that Ely applies only when the provider of alcohol is a social host, the court does not find that argument persuasive. The decision in Ely is based upon the "legal capacity" of the minor, not the status of the provider of alcohol. The Supreme Court also qualified its holding by stating its decision "is not to say, however, that the social host or other purveyor of alcohol is absolutely liable to the minor served or innocent third parties thereafter injured." (Emphasis added.) Id., 97. The reference to the "other purveyor of alcohol" by the court would seem to include the defendants in this case. The court agrees with the plaintiff CT Page 11660 that it would be anomalous to impose greater liability on the social host than on those in the business of selling and serving alcohol. The complaint alleges that Prince, the alcohol consuming tortfeasor, is a minor. Accordingly, a cause of action in negligence against the providers of alcohol is legally sufficient. The court denies Bill's Crossroads's motion to strike count two and Smith's motion to strike count five.
Counts three and six — recklessness
In Smith's memorandum in support, she argues that a plaintiff cannot "simply add the words `reckless' or `recklessness' to allegations of conduct which is elsewhere termed negligent." Smith cites Dumond v. Denehy, 145 Conn. 88, 139 A.2d 58 (1958) and D. Wright, J. FitzGerald W. Ankerman, Connecticut Law of Torts (3d Ed. 1991) § 61 for this general proposition. Smith also citesSwift v. My Brother's Place, 8 Conn. L. Rptr. 424 (March 29, 1993, Higgins, J.); Muckle v. Francis, 7 Conn. L. Rptr. 230 (September 14, 1992, Leuba, J.); and Stebbins v. Stasche, 3 C.S.C.R. 421
(March 21, 1988, Reynolds, J.) for this proposition in the context of sale of alcohol. In Bill's Crossroads's memorandum in support, it also argues that the factual allegations do not state a cause of action for recklessness because the same facts allege a cause of action for negligence. Bill's Crossroads cites Sheiman v.Lafayette Bank and Trust Co., 4 Conn. App. 39, 492 A.2d 219 (1985), for this proposition.
In Morton's memorandum, she argues that Kowal v. Hofher,181 Conn. 355, 436 A.2d 1 (1980), provides for a cause of action against a liquor seller for reckless misconduct. Citing Dubay v.Irish, 207 Conn. 518, 532, 542 A.2d 711 (1988), Morton argues that recklessness is a state of mind in which the actor is conscious of the consequence of an act. Morton further argues that the complaint in count three and six sets forth a cause of action for recklessness. Morton points to Boehm v. Kish, 201 Conn. 385, 393,517 A.2d 624 (1986) and Coble v. Maloney, 2 Conn. L. Rptr. 751, 752 (November 16, 1990, McWeeny, J.), as examples of cases in which courts have accepted similar allegations as sufficient to state a count in recklessness.
"While we have attempted to draw definitional distinctions between the terms wilful, wanton or reckless, in practice the three terms have been treated as meaning the same thing. `The result is that "wilful," "wanton," or "reckless" conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme CT Page 11661 departure from ordinary care, in a situation where a high degree of danger is apparent. . . . It is at least clear . . . that such aggravated negligence must be more than any mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention. . . .' W. Prosser W. Keeton, Torts (5th Ed.) 34, p. 214." Coble v.Maloney, 34 Conn. App. 655, 670, ___ A.2d ___ (1994), quoting Dubayv. Irish, supra, 207 Conn. 533. "The mere use of the words `reckless' and `wanton' is insufficient to raise an actionable claim of reckless and wanton misconduct." Sheiman v. LafayetteBank Trust Co., supra, 4 Conn. App. 46.
Swift v. My Brother's Place, Ltd., supra, 8 Conn. L. Rptr. 424
summarizes many decisions in which Superior Courts have determined whether a complaint states a legally sufficient cause of action for reckless conduct in serving alcohol. Swift holds that "the plaintiffs must at least allege some elements which go beyond the mere conclusion that the defendants served an intoxicated person."Muckle v. Francis, supra, 7 Conn. L. Rptr. 230 holds that the complaint will fail if the "plaintiff alleges no facts which would indicate that the defendants, or their agents, continued to serve Francis despite his observable manifestations of intoxication."
In the complaint, Morton alleges, inter alia, that the defendants "[f]ailed to stop selling, serving or delivering intoxicating liquors to John M. Prince as required by General Statutes § 30-86, even after it was apparent or should have been apparent that he was intoxicated." Count three, paragraph 8(d); count six, paragraph 8(d). In the court's opinion this allegation, nor any of the others, does not meet what Swift v. My Brother'sPlace. Ltd., supra, 8 Conn. L. Rptr. 424, and Muckle v. Francis, supra, 7 Conn. L. Rptr. 230, require.
The complaint does not allege facts that indicate that the defendants' behavior was more than negligent. Accordingly, the court grants Bill's Crossroad's motion to strike count three and Smith's motion to strike count six.
LAWRENCE L. HAUSER, JUDGE