[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On June 8, 1994, the plaintiff, ITT Hartford Life Insurance Company, commenced an action against the defendant, Pawson Associates, Inc., AKA the Pawson Agency, Inc., DBA the Pawson Group, DBA the Pawson Insurance Group. The plaintiff filed an amended complaint in eight counts against the defendant on September 15, 1994. The amended complaint alleges, inter alia, breach of contract (count one); a contractual indemnification obligation (count two); negligent supervision of Donnelly (count three); reckless indifference and wanton disregard for others in failing to supervise Donnelly (count four); vicarious liability on the defendant's part for theft of the premium payments by its employee (count five); equitable subrogation (count six); unjust enrichment (count seven); a statutory cause of action under the Connecticut Unfair Trade Practices Act (count eight).
The plaintiff alleges the following facts. On October 5, 1987, the plaintiff and the defendant entered into a Sales Agreement which appointed the defendant as its agent to sell annuity, health and life insurance policies to the public. This CT Page 5370-E action arises out of the dishonesty of one of the defendant's employees, Michael P. Donnelly, who was employed as an insurance salesman from July 26, 1991 and August 24, 1992.[1] In 1992, Donnelly allegedly sold annuity policies to five customers and fraudulently retained premium payments in the amount of $126,300, instead of transferring them to the plaintiff.[2] Upon complaint by the purchasers, the plaintiff later made restitution. The plaintiff maintains that the defendant is liable to it for losses and expenses related to Donnelly's actions as well as for punitive damages.
On October 11, 1994, the defendant filed a motion to strike count four of the amended count. On November 7, 1994, the court, Martin, J., granted the motion to strike on the ground that insufficient facts were alleged to state a cause of action based on reckless and wanton conduct.
Based upon new information learned through discovery and admissions, on January 23, 1996, the plaintiff requested leave to file a new count four to replace the count four which had been previously stricken. Count four now alleges recklessness based on the defendant's failure to conduct a pre-employment check on Donnelly, to verify his license to sell insurance in Connecticut and to supervise him properly to prevent employee misconduct. The complaint also alleges that within two weeks of Donnelly's employment with the defendant, Donnelly paid a fine and signed a complaint, stipulation and order on August 6, 1991 with the Connecticut Insurance Department arising from misconduct at his prior place of employment.[3] The plaintiff further alleges that after the defendant became aware of the stipulation on December 9, 1991, the defendant failed to verify the status of Donnelly's license to sell annuity products and to supervise him properly. The defendant employed Donnelly until August 1992.
On May 1, 1996, the defendant filed a motion to strike count four of the plaintiff's amended complaint on the ground that it fails to state a claim upon which relief may be granted because the plaintiff has failed to allege sufficient facts to support a claim for reckless or wanton conduct. The defendant also filed a memorandum of law in support of his motion to strike as required by Practice Book § 155.
On May 29, 1996, the plaintiff filed an objection to the defendant's motion to strike supported by a memorandum of law. CT Page 5370-F
"The purpose of a motion to strike is to contest the legal sufficiency of the allegation of any complaint to state a claim upon which relief may be granted." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOC, Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "[I]n ruling on a motion to strike, the court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff."Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073 (1988). "Although a motion to strike admits facts well pleaded; it does not admit legal conclusions." (Citations omitted.) Verdon v.Transamerica Ins. Co., 187 Conn. 363, 365, 446 A.2d 3 (1982).
In support of the motion to strike, the defendant argues that the plaintiff has failed to allege sufficient facts to support a claim for reckless or wanton conduct because the plaintiff has failed to plead that the defendant acted or failed to act with the intent to injure or cause harm to the plaintiff. The defendant relies on Dubay v. Irish, 207 Conn. 518, 532,542 A.2d 711 (1988) for the proposition that "recklessness is a state of consciousness with reference to the consequences of one's acts" and on Markey v. Santangelo, 195 Conn. 76, 77, 485 A.2d 1305
(1985) for the proposition that "a wilful and malicious injury is one inflicted intentionally without just cause or excuse."
In opposition to the defendant's motion to strike, the plaintiff counters that a claim of recklessness does not require an explicit allegation of intent because not all reckless acts are intentional. It relies on Collens v. New Canaan Water Co.,155 Conn. 477, 490, 234 A.2d 825 (1967) for this proposition.
"There is a wide difference between negligence and reckless or wanton misconduct." Brock v. Waldron, 127 Conn. 79, 81,14 A.2d 713 (1940). Recklessness "requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man. (Citations omitted.)Sheiman v. Lafayette Bank Trust Co., 4 Conn. App. 39, 45,492 A.2d 219 (1985). "The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more that a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them." Dubay v. Irish, supra,207 Conn. 532.
In the present case, count four now alleges that the CT Page 5370-G defendant hired Donnelly to sell insurance products to the public without conducting a pre-employment background check. The plaintiff also alleges that the defendant permitted Donnelly to sell annuity products even after learning on December 9, 1991 that Donnelly did not have a valid license to sell the products and that Donnelly had paid a fine and signed a stipulated complaint with the Connecticut Insurance Department on August 6, 1991. In the defendant's response to the plaintiff's request for admissions dated May 25, 1995, the defendant admits that Donnelly was not licensed to sell ITT Hartford annuities in 1992. Therefore, the plaintiff has alleged sufficient facts to state a cause of action based on reckless and wanton misconduct.
"The mere use of the words `reckless' and `wanton' is insufficient to raise an actionable claim of reckless and wanton misconduct. . . . To be legally sufficient, a count based on reckless and wanton misconduct must, like an action in negligence, allege some duty running from the defendant to the plaintiff." (Citations omitted.) Sheiman v. Lafayette Bank Trust Co., supra, 4 Conn. App. 46. In the present case, the defendant owed the plaintiff a legal duty pursuant to their contractual agreement. Paragraph 2.5 of the aforementioned Sales Agreement provides in relevant part "[a]ll sub-agents shall be duly licensed under the applicable insurance laws to sell annuity, life and health insurance contracts by the proper authorities in the jurisdictions in which Agent proposes to offer such Contracts. . . ." Under the terms of the Sales Agreement, Donnelly was a subagent. As mentioned above, the defendant has admitted that Donnelly was not licensed to sell annuity contracts in the State of Connecticut in 1992. Yet the defendant continued to employ him as a salesman.
Therefore, the defendant's motion to strike the new count four of the plaintiff's first amended complaint is denied because the plaintiff has alleged sufficient facts upon which to state a claim based on reckless and wanton misconduct.
Howard F. Zoarski State Trial Referee