[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff brought this action to recover its deposit in connection with an agreement to purchase real estate in New Milford, Connecticut, along with sums paid in order to effect repairs on the property in question. The plaintiff claims that because the defendant failed to perform his obligations under the agreement, it is entitled to a refund of the deposit. In addition, the plaintiff argues that he has been unjustly enriched by the repairs performed on the property by the plaintiff. The plaintiff also seeks attorney's fees for this matter. The defendant argues that the plaintiff was the party who was in breach of the purchase agreement. Further, the defendant asserts that the defendant was entitled to the benefit of any improvements made by the plaintiff prior to closing on the property and, in the alternative, that the plaintiff has failed to establish the damages incurred by effecting the repairs. CT Page 15070
Based on a fair preponderance of the evidence, the court finds the following material facts proven:
On or about April 15, 1994, the plaintiff, KGC Partners (KGC) entered into an agreement with Joseph Avellino (Avellino) to purchase property owned by Avellino and located at 300 Danbury Road in New Milford, Connecticut (premises). The purchase price for the property was to be $350,000.00, and KGC paid a total deposit of $35,000.00. As part of the purchase agreement, Avellino agreed to take a mortgage from KGC in the amount of $220,000.00. KGC agreed to sign the note at the time of the closing.
On or about April 30, 1994, KGC and Avellino entered into a lease for the premises. A total rent of $13,200.00 was due under the lease in 4 monthly payments of $3,300.00. It was the intention of KGC to operate a Chinese restaurant on the premises. An Italian restaurant had previously been in operation on the premises. KGC opened the restaurant and began its operation.
Avellino prepared a promissory note which he intended to have both parties execute. The note contained a 15 day default period with an acceleration clause. KGC objected to the 15 day period and attempted to negotiate a longer period. Avellino would not negotiate the period of default and the note was never signed.
On or about July 11, 1994, Avellino agreed to perform certain repairs and maintenance on the premises. The majority of the items were not performed by Avellino. Avellino was aware of KGC's intended use of the premises. During the course of the lease, KGC made certain improvements to the premises, including the installation of an exhaust system and two freezers, as well as repairs to a food cooler. KGC expended a total of $14,500.00 on these improvements. Avellino had restaurant equipment and other property stored in the basement of the premises, which he agreed to remove. The property occupied approximately one quarter of the space available. KGC requested that Avellino remove the property subject to the terms of the purchase agreement, but Avellino failed to do so. The defendant's property interfered with KGC's ability to operate its restaurant because it utilized storage space needed by the plaintiff.
By check dated July 20, 1994, KGC paid rent in the amount of $3,300.00 for the period of July 12 through August 11, 1994. Payment was acknowledged by the defendant. Notwithstanding the CT Page 15071 rent payment, Avellino served upon KGC a notice to quit dated August 11, 1994, which demanded surrender of the premises on or before August 23, 1994 for non-payment of rent. Service of the notice was made by deputy sheriff on August 14, 1994. In accordance with the notice to quit, the plaintiff vacated the premises.
KGC was prepared to close on the premises. The defendant refused to negotiate the remaining issues, including the default period on the note. Avellino did not return any telephone calls made to him or otherwise communicate with KGC. The closing on the premises did not take place.
A purchaser has a right to restitution for deposits paid to a defaulting vendor. Slattery v. Maykut, 176 Conn. 147, 161,405 A.2d 76 (1978). In this matter, Avellino was in breach of the purchase agreement. He unilaterally broke off communication with the plaintiff while the purchase was still pending. He refused any attempt to resolve the issue of the default period. KGC was willing to move forward on the purchase, and attempted to negotiate the remaining issues in dispute. KGC is entitled to a return of the $35,000.00 paid as a deposit under the agreement.
KGC also makes claim to the sums spent on repairs to the premises. "Although a claim in restitution is legal in form, it is equitable in nature and the trial court may accordingly balance the equities and take into account `a variety of competing principles to determine whether the defendant has been unjustly enriched." Montanaro Bros. Builders, Inc. v. Snow,4 Conn. App. 46, 53, 492 A.2d 223 (1985), quoting Vines v. Orchard Hills,Inc., 181 Conn. 501, 507, 435 A.2d 1022 (1980).
"In order for the plaintiff to recover under the doctrine, it must be shown that the defendant was benefitted [benefited], that the benefit was unjust in that it was not paid for by the defendant, and that the failure of payment operated to the detriment of the plaintiff." Montanaro Bros. Builders, Inc. v. Snow,4 Conn. App. 53.
The plaintiff has provided evidence that the defendant agreed to perform certain repairs to cement the deal to sell the premises. These repairs were not performed by the defendant. The plaintiff was forced to effect the repairs at its own cost in order to pursue the purchase of the premises. The defendant never reimbursed the plaintiff for any sums spent on the repairs. The CT Page 15072 defendant then refused to follow through on the sale of the premises, but retained the value of the repairs made by the plaintiff.
The plaintiff is thus entitled to the amounts spent on repairs of the subject premises. Although the plaintiff claimed approximately $45,000.00 in damages based on these repairs, the evidence before this court is that KGC spent $14,500.00 on the various repairs. KGC is entitled to the return of the $14,500.00 as well as the $35,000.00 deposit.
The plaintiff has also made claim for attorney's fees for this action. Generally, attorney's fees are not recoverable absent statutory authority or an express contract provision.Farrell v. Farrell, 36 Conn. App. 305, 311, 650 A.2d 608 (1994). In this matter, there is no authority for providing attorney's fees.
Accordingly, judgment shall enter for the plaintiff in the amount of $49,500.00 with costs.
BY THE COURT
PETER EMMETT WIESE, J.