[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 110)
Before the court is the defendant's motion to strike counts two, three and four of the plaintiff's amended complaint. On December 3, 1996, the plaintiff, Robert S. Walker, was involved in a two-car accident in which he was hit from behind and sustained personal injuries. The alleged tortfeasor was negligently operating an uninsured vehicle. By virtue of an amended complaint filed on November 26, 1999, the plaintiff is seeking uninsured motorist benefits under a policy he obtained from the defendant, Allstate Indemnity Company (Allstate), which covered his car at the time of the accident. The plaintiff alleges, inter alia, that he notified Allstate of the intent to claim uninsured motorist benefits that he is entitled to under the policy and that Allstate has not paid any of the plaintiff's claims for damages and expenses. Specifically, the plaintiff claims that the defendant has acted in bad faith, breached the covenant of good faith and fair dealing, engaged in unfair claims settlement practices in violation of the Connecticut Unfair Insurance Practices Act (CUIPA), General Statutes § 38a-816 et seq., engaged in unfair and deceptive trade practices in violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110b et seq., and has willfully and wantonly delayed the reasonable adjustment of the plaintiff's loss. On December 23, 1999, Allstate filed a motion to strike counts two, three and four of the plaintiff's amended complaint. The plaintiff filed an objection to the motion to strike and Allstate filed a reply to the objection.[1]
CT Page 5947
"A motion to strike challenges the legal sufficiency of a pleading and, consequently, requires no factual findings by the trial court. . . [Before] granting . . . a motion to strike, [the trial court] must read the allegations of the complaint generously to sustain its viability, if possible . . . . [T]herefore, [the court must] take the facts to be those alleged in the complaint . . . and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Citations omitted; internal quotation marks omitted.) ATCPartnership v. Windham, 251 Conn. 597, 603, ___ A.2d ___ (1999). "A motion to strike admits all facts well pleaded; it does not admit legalconclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original; internal quotation marks omitted.)Faulkner v. United Technologies Corp., 240 Conn. 576, 588, 693 A.2d 293
(1997).
 A Bad Faith
Allstate moves to strike the second count of the amended complaint because the facts alleged fail to state a cause of action for breach of the covenant of good faith and fair dealing. The plaintiff bases his claim upon allegations that are very similar to some of the statutory grounds for unfair settlement practices found in General Statutes §38a-816 (6). Specifically, the plaintiff contends that Allstate: (1) did not attempt to effectuate a prompt, fair and equitable resolution of a claim of clear liability; (2) refused to negotiate the claim and caused the plaintiff to institute unnecessary and costly litigation; (3) undervalued the plaintiff's claim; (4) failed to adequately investigate the claim; and (5) failed to make a settlement offer thereby causing the plaintiff economic harm. The plaintiff alleges that Allstate's actions amount to bad faith and a breach of the implied covenant of good faith and fair dealing.
"Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement. . . . Bad faith means more than mere negligence; it involves a dishonest purpose." (Citation omitted; internal quotation marks omitted.) Gupta v. NewBritain General Hospital, 239 Conn. 574, 598, 687 A.2d 111 (1996). "Neglect or refusal to fulfill a contractual obligation can be bad faith only if prompted by an interested or sinister motive." Feinberg v.Berglewicz, 32 Conn. App. 857, 862, 632 A.2d 709 (1993). "The implied covenant of good faith and fair dealing has been applied by [the Connecticut Supreme Court] in a variety of contractual relationships, including . . . insurance contracts." Verrastro v. Middlesex Ins. Co.,
CT Page 5948207 Conn. 179, 190, 540 A.2d 693 (1988). See also Buckman v. PeopleExpress, Inc., 205 Conn. 166, 170, 530 A.2d 596 (1987); L.F. Pace Sons, Inc. v. Travelers Indemnity Co., 9 Conn. App. 30, 49, 514 A.2d 766, cert. denied, 201 Conn. 811, 516 A.2d 886 (1986); and Grand SheetMetal Products v. Protection Mutual Ins. Co., 34 Conn. Sup. 46, 375 A.2d 428
(1977). "It is manifest that . . . in every insurance contract there is an implied covenant of good faith and fair dealing. The duty to so act is immanent in the contract whether the company is attending to the claims of third persons against the insured or the claims of the insured itself. Accordingly, when the insurer unreasonably and in bad faith withholds payment of the claim of its insured, it is subject to liability in tort." (Internal quotation marks omitted.) L.F. Pace Sons, Inc. v. Travelers Indemnity Co., supra, 9 Conn. App. 46. "[T]he examination of good faith and fair dealing in the settling of an insurance claim requires a case-by-case analysis." Verrastro v.Middlesex Ins. Co., supra, 207 Conn. 190.
"[T]he issue is whether the plaintiff's complaint can reasonably be read to allege that the defendants handling of the plaintiff's insurance claim constitutes a breach of the implied covenant of good faith and fair dealing." Brothers v. American Home Assurance Co., Superior Court, judicial district of New Haven, Docket No. 364725 (August 25, 1995,Hartmere, J.) (15 Conn.L.Rptr. 4). In Brothers, the court found that the plaintiff stated a cause of action for bad faith in the insurance settlement context where the allegations were nearly identical to this case. See id. "If the defendants failed to consider all the available evidence when they conducted their investigation and denied a claim that was clearly covered by the policy, it would raise a question as to whether the defendants acted in good faith." Brothers v. American HomeAssurance Co., supra, Superior Court, Docket No. 364725.
Thus, applied here, the plaintiff has stated a cause of action for breach of the implied covenant of good faith and fair dealing or bad faith.[2] The allegations, if proven to be true, raise sufficient questions whether Allstate acted in good faith or bad faith. SeeBrothers v. American Home Assurance Co., supra, Superior Court, Docket No. 364725. Therefore, Allstate's motion to strike count two of the plaintiff's amended complaint is denied.
 B CUTPA
Allstate moves to strike count three of the amended complaint on the ground that the facts alleged do not state a claim upon which relief can be granted. The basis of Allstate's argument is that the plaintiff must CT Page 5949 allege a sufficient CUIPA claim to support a CUTPA claim when the action is grounded in unfair insurance settlement practices. Therefore, Allstate asserts that since the plaintiff has not alleged a sufficient CUIPA statutory element, the derivative CUTPA claim must also fail. The plaintiff, for purposes of his third count, incorporated the allegations of the first and second counts and summarily concluded that this is a violation of General Statutes § 42-110b (CUTPA).
"[T]he conclusion that CUIPA does not provide a private cause of action does not leave the plaintiff without a remedy for an injury caused by a violation of CUIPA." Allessa v. Allstate Ins. Co., supra, Superior Court, Docket No. 050550. That is because of the result of the Connecticut Supreme Court's ruling in Mead v. Burns, 199 Conn. 651, 663,509 A.2d 11 (1986), holding that a plaintiff may bring a private cause of action under CUTPA for an alleged violation of CUIPA.
"In a CUTPA or CUIPA claim, the insurer's liability is ordinarily based on its conduct in settling or failing to settle the insured's claim and on its claims settlement policies in general. The factual inquiry focuses, not on the nature of the loss and the terms of the insurance contract, but on the conduct of the insurer. . . . In a CUIPA and CUTPA claim, the insurer's duty stems not from the private insurance agreement but from a duty imposed by statute." (Internal quotation marks omitted) Heyman Associates No. 1 v. Insurance Co. of Pennsylvania,231 Conn. 756, 790, 653 A.2d 122 (1995). "Section 38-816 (6) prohibits unfair claim settlement practices. Under this section of CUIPA, the claimant must allege and prove facts sufficient to show that the insurer was [c]ommitting or performing [certain specified acts] with such frequency as to indicate a general business practice. . . ." (Internal quotation marks omitted.) Heyman Associates No. 1 v. Insurance Co. ofPennsylvania, supra, 231 Conn. 796. "In requiring proof that the insurer has engaged in unfair settlement practices with such frequency as to indicate a general business practice, the legislature has manifested a clear intent to exempt from coverage under CUIPA isolated instances of insurer misconduct. . . . [T]he . . . alleged improper conduct in thehandling of a single insurance claim, without any [allegations] ofmisconduct by the defendant in the processing of any other claim, doesnot give rise to the level of a general business practice as required by§ 38a-816 (6)." (Citation omitted; emphasis added; internal quotation marks omitted.) Lees v. Middlesex Insurance Co., 229 Conn. 842,849, 643 A.2d 1282 (1994). See also Mead v. Burns, 199 Conn. 651,509 A.2d 11 (1986)
"[A] CUTPA claim based on an alleged unfair claim settlement practice prohibited by § 38a-816 (6) [requires] proof, as under CUIPA, that the unfair settlement practice had been committed or performed by the CT Page 5950 defendant with such frequency as to indicate a general business practice. In so holding, [the Connecticut Supreme Court] observed that a CUTPA claim based on the public policy embodied in CUIPA must be consistent with the regulatory principles established therein, and that [t]he definition of unacceptable insurer conduct in [§ 38a-816 (6)] reflects the legislative determination that isolated instances of unfair insurance settlement practices are not so violative of the public policy of this state as to warrant statutory intervention . . . Because the plaintiff's [evidence] was insufficient to satisfy the requirement under CUIPA that the defendant's alleged unfair claim settlement practices constituted a general business practice, the plaintiff's CUTPA claim [could] not survive the failure of her CUIPA claim." Lees v. MiddlesexIns. Co., supra, 229 Conn. 850-51.
Numerous Superior Court decisions follow the principle that one separate claim of unfair settlement practices does not materialize into a CUIPA general business practice violation. See Ruther v. ContinentalInsurance Co., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 155186 (April 23, 1998, Lewis, J.); Serrano v.Allstate Insurance Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 336691 (April 17, 1998, Skolnick, J.) (21 Conn.L.Rptr. 689); National Publishing Co. v. Hartford Fire Ins.,
Superior Court, judicial district of Stamford-Norwalk, Docket No. 156478 (March 25, 1998, D'Andrea, J.); Sanon v. Sedgewick James of New York,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 339158 (May 23, 1997, Skolnick, J.); and Allessa v. Allstate Ins. Co.,
supra, Superior Court, Docket No. 050505.
Here, the plaintiff has neglected to declare any facts that would compose a general business practice. The allegations neither express nor implicate "the general business practice" or policies of Allstate. SeeLees v. Middlesex Ins. Co., supra, 229 Conn. 848-49. Rather, the plaintiff is complaining only of an isolated instance of insurer misconduct based on its claim against Allstate. See Ruther v.Continental Insurance Co., supra, Superior Court, Docket No. 155186. Thus, looking at the amended complaint in this case, the plaintiff has failed to state a sufficient cause of action in count three to maintain a CUTPA claim because the plaintiff has failed to allege a general business practice on the part of Allstate. Since a CUTPA claim based on violations of CUIPA requires allegations of a general business practice consistent with the regulatory principles of CUIPA, and since the plaintiff offers no such allegations in his complaint, the plaintiff's CUTPA claim is legally insufficient. Therefore, Allstate's motion to strike count three of the plaintiff's amended complaint is granted.
 C
CT Page 5951 Willful and Wanton Conduct
Allstate moves to strike count four of the amended complaint on the ground that the facts alleged do not state a claim upon which relief can be granted. In support of its motion, Allstate argues that the complaint in the present case lacks specific facts to maintain a cause of action for willful and wanton misconduct. For purposes of count four, the plaintiff has adopted the allegations of the first three counts, restated count two's breach of the implied covenant of good faith and fair dealing and summarily concluded that this constitutes a cause of action for willful and wanton misconduct on the part of Allstate.
"Wanton misconduct is more than negligence, more than gross negligence." Decker v. Roberts, 125 Conn. 150, 155, 3 A.2d 855 (1939). In Kowal v. Hofher, 181 Conn. 355, 362, 436 A.2d 1 (1980), the Connecticut Supreme Court recognized an action in wanton and reckless misconduct as "such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of action." "While we have attempted to draw definitional distinctions between the terms wilful, wanton or reckless, in practice the three terms have been treated as meaning the same thing. `The result is that "willful," "wanton," or "reckless" conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent. . . . It is at least clear . . . that such aggravated negligence must be more than any mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention. . . .'" Dubay v. Irish, 207 Conn. 518, 533, 542 A.2d 711 (1988). In fact, "[t]he mere use of the words `reckless' and `wanton' is insufficient to raise an actionable claim of reckless and wanton misconduct." Sheiman v.Lafayette Bank Trust Co., 4 Conn. App. 39, 46, 492 A.2d 219 (1985)
The plaintiff fails to allege sufficient facts to support a claim for willful and wanton misconduct. Count four contains no factually based allegations that Allstate's misconduct was an extreme departure from ordinary care or that this was a situation that involved a high degree of danger. See Dubay v. Irish, supra, 207 Conn. 533. Thus, the plaintiff merely uses the words "willfully" and "wantonly" without the requisite factual basis. See Sheiman v. Lafayette Bank Trust Co., supra,4 Conn. App. 46. As such, the plaintiff has asserted a legal conclusion; and a legal conclusion is not admitted for purposes of a motion to strike. See Faulkner v. United Technologies Corp., supra, 240 Conn. 588. Therefore, Allstate's motion to strike count four of the plaintiff's amended complaint is granted. CT Page 5952
For the foregoing reasons, Allstate's motion to strike count two of the plaintiff's amended complaint is denied while its motion to strike counts three and four of the plaintiff's amended complaint is hereby granted.
SKOLNICK, J.